150 N.J. Super. 497 (1977)
376 A.2d 185
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLMORE McCAIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 1977.
Decided June 9, 1977.
*498 Before Judges FRITZ, ARD and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Rosemary K. Reavey, Assistant Deputy Public Defender, on the letter brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Benjamin D. Leibowitz, Deputy Attorney General, on the letter brief).
PER CURIAM.
The sole ground urged on defendant's appeal is that his sentence of two to three years in State prison, imposed after his violation of at least one of the conditions of his prior probation and upon his guilty plea to that violation, was excessive. He seeks a return to probation.
We are not impressed with his claim that the admitted violation[1]  his counsel acknowledged that "Mr. McCain *499 really never did report to the probation department almost from the very commencement of the probationary term imposed"  is a "technical violation." Reporting procedures present, as prime purposes, an opportunity for the authorities to detect other violations and, in the appropriate case, to help a defendant avoid them. Frustration of these purposes by a failure to report is, it seems to us, a quite substantial and serious violation. Additionally, protection of the public depends in part on maximum contact between the probation officer and the probationer.
Be this as it may, the fact of the matter is that probation upon a suspended sentence is a privilege the right to which must be earned anew each day until the probationary period expires. When a defendant "fails to meet the test or chance of freedom" he may be committed to prison. In re White, 18 N.J. 449, 455 (1955). We see no reason why society should not expect one who has erred to conform meticulously to every condition on which his freedom depends, including such things as reporting to the probation department.
We discern no mistaken exercise of discretion in the revocation of probation or the sentence imposed. State v. Moretti, 50 N.J. Super. 223 (App. Div. 1958).
Affirmed.
NOTES
[1] Neither of the parties has provided us with the "copy of the substantive charge prepared by the Probation Department" referred to by defense counsel in his comments at sentencing.

His counsel, having conferred with McCain, reported to the court: "Mr. McCain advised me at the time he was placed on probation by Judge Donatelli that he was at that time using narcotics, and one of the terms of his probation was that drug dependency rules were to apply. Now Mr. McCain says that at that particular time he was quite sure that his urine would come out positive for narcotics use and he was simply afraid to report to the probation department."
Beyond the fact of the conceded reporting violation, we note the drug use.