609 A.2d 40

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. BERNARD PETERS, A/K/A BERNARD HOLM,
DEFENDANT–APPELLANT.

Argued March 3, 1992—Decided July 22, 1992.

212

*J. Michael Blake*, Assistant Deputy Public Defender, argued the cause for appellant (*Wilfredo Caraballo*, Public Defender, attorney; *J. Michael Blake* and *Claire Drugach*, Assistant Deputy Public Defender, of counsel and on the briefs).

*Richard W. Berg*, Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo*, Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

HANDLER, J.

In this case, as in *State v. Vasquez*, 129 *N.J.* 189, 609 *A.*2d 29 (1992), the central issue is whether the court on resentencing a

defendant for violation of probation resulting from a conviction for distributing drugs in a school zone is required to impose a mandatory period of parole ineligibility. Related to that issue is whether the prosecutor's exercise of discretion to waive the period of parole ineligibility, thereby binding the court's sentencing power, violates the separation of powers doctrine. For the reasons set forth in *Vasquez*, we hold that the statute does not compel the court to impose a mandatory period of parole ineligibility on resentencing because of a probation violation when the prosecutor has waived the parole disqualifier at the time of initial sentencing in conjunction with a plea agreement. We further hold that the sentencing scheme that authorizes the prosecutor to waive the mandatory period of parole ineligibility does not violate the separation of powers doctrine.

I

This case shares a similar factual pattern with its companion, *State v. Vasquez*, 129 *N.J.* 189, 609 *A.2d* 29. Here, pursuant to a negotiated disposition under *N.J.S.A.* 2C:35–12, defendant pleaded guilty to possession of cocaine with intent to distribute within 1,000 feet of a school contrary to *N.J.S.A.* 2C:35–7. The prosecutor agreed to recommend a probation sentence with 364 days to be served in jail as a condition of probation. In describing the plea to the court, the prosecutor explained that "[t]he State is waiving the mandatory custodial term which would be a three-year term without parole to be spent in New Jersey State Prison for purposes of this initial proceeding only." However, the prosecutor continued that "[s]hould the defendant return on violation of probation, he would then be subject to a five-year prison term with three years to be spent without parole eligibility."

In response to questions from the court at the plea hearing, defendant acknowledged that if he violated his probation, he would be subject to the maximum five-year term with three

years of parole ineligibility. Defense counsel confirmed that defendant understood that to be his exposure if he violated probation.

In imposing sentence, the trial court indicated that it thought that the recommended sentence was lenient given defendant's record and its perception that defendant might commit other offenses. In its statement of reasons for sentence, the court found the following aggravating factors: the risk that defendant would commit another offense, the extent of defendant's prior criminal record and the seriousness of those offenses, the need for deterring defendant and others, the likelihood that defendant had been involved in organized criminal activities, and that a fine without imprisonment would be seen only as the cost of doing business. The court found no mitigating factors. Nonetheless, the court concluded that it had "no choice but to accept the recommendation of [the] prosecutor" because the prosecutor had the power to waive the five-year term with three years of parole ineligibility.

The court then sentenced defendant to probation for three years conditioned on service of 364 days in jail; it also imposed a $1,000 Drug Enforcement Demand Penalty, a $50 forensic lab fee, and a $30 Violent Crimes Compensation Board penalty. The court further advised defendant to get a job, to stop using drugs, and to comply with the requirements of the probation department, and warned defendant that if he violated the conditions of probation, the court would not "have much choice but to impose the sentence of five years with three years parole ineligibility."

Nine months after sentencing, the Camden County Probation Department filed a petition for violation of probation alleging failure to report for seven of fourteen scheduled probation appointments, failure to pay the fines, and failure to obtain a required drug evaluation. At the probation hearing, defendant, through counsel, admitted the violations but explained that he had been unable to meet with his probation officer because he

had been attending beauty school. He intended to pay his fines with a $2,000 grant that he would receive on completion of his training. Counsel further described the violations as technical and asked the court not to revoke probation.

The prosecutor recommended that the court revoke defendant's probation and impose the mandatory prison term required by *N.J.S.A.* 2C:35-7. The prosecutor explained:

> For purposes of [defendant's] initial plea agreement, the State was willing to waive the mandatory three-year stip. He received a sentence of probation with the condition that he serve three hundred and sixty-four days.
>
> The State is no longer willing to extend him, I guess you could call it, the courtesy of waiving that stipulation. He must be sentenced to at least three years in New Jersey's State Prison without parole.

After reminding defendant that "I told you, of course, that any violation would result in my being compelled to impose the mandatory sentence of incarceration which required three years parole ineligibility," the court imposed a four-year sentence with three years of parole ineligibility.

Defendant appealed, arguing first that he had not inexcusably failed to comply with a substantial requirement of his probation, and the trial court's decision to revoke his probation was therefore in error. In addition, defendant argued the same issues raised in the companion case, *State v. Vasquez*, concerning the separation of powers and *State v. Baylass*, 114 *N.J.* 169, 553 *A.*2d 326 (1989), and *State v. Molina*, 114 *N.J.* 181, 553 *A.*2d 332 (1989), problems arising from the initial plea only waiver. In an unpublished opinion, after rejecting defendant's first argument summarily, the Appellate Division rejected defendant's latter contentions in greater detail. The court held that "a defendant properly advised at the time of plea and sentencing about his maximum exposure and a mandatory ineligibility term upon violation of probation must receive the ineligibility term on the violation." Here, the court found that "it was crystal clear that the prosecutor's recommendation was for purposes of initial sentencing only," and the defendant was expressly informed that if defendant violated the conditions of his probation, he would have to receive the mandatory sentence.

That the agreement expressly provided that the period of parole ineligibility was to apply on violation of probation further persuaded the court to find that *Molina* and *Baylass* principles do not apply to imposition of a mandatory ineligibility term under *N.J.S.A.* 2C:35–7 and 2C:35–12 at the time of resentencing.

"It is the mandatory sentence established by the Legislature—not the negotiated plea," continued the court, "which requires the three year ineligibility term upon the violation of probation." On the other hand, the court observed that the statute did not "necessarily prohibit a sentence other than the mandatory minimum on a violation of probation," but that "[t]hat may well depend on the nature and scope of the waiver at the time of plea."

The dissent incorporated Judge Cohen's dissent in *State v. Wearing*, 249 *N.J.Super.* 18, 30, 591 *A.*2d 1350 (App.Div.1991), as support for its view that the sentence should be set aside.

The Court accepted defendant's appeal as of right based on the dissent below. 126 *N.J.* 388, 559 *A.*2d 165 (1991).

## II

The State argues that defendant waived his right to appeal because he entered a non-conditional guilty plea. The Appellate Division suggested that it agreed with the State's view:

> While not addressing the issue, we note that defendant expressly waived his right to appeal at the time of the negotiated disposition pursuant to *N.J.S.A.* 2C:35–12. Therefore, independent of those issues, we have grave reservations about whether a defendant who has expressly waived his right to appeal from the sentence imposed pursuant to *N.J.S.A.* 2C:35–12 can raise these issues relating to the constitutionality of that statute.

In *Vasquez*, 129 *N.J.* at 194–95, 609 *A.*2d 29, we held that defendant's unconditional guilty plea to the underlying offense did not bar the right to appeal the sentence imposed at violation of probation hearing when the sentence was based on the court's understanding that it was bound to impose a parole

disqualifier because the prosecutor would not again waive the term under section 12. That holding applies here.

### III

Defendant contends that the trial court erred in revoking his probation because he presented an explanation for his failure to comply with the conditions, and the violations were technical. Although defendant admitted the allegations regarding his violation of probation, he cites his attendance at beauty school as the basis for his contention that he could not report to his probation officer, pay the assessed penalties, or obtain the required drug evaluation. He asserts that the court should have acknowledged defendant's attempt to train for a job. The Appellate Division summarily rejected defendant's contention that the decision to revoke probation was improper.

When a court places a defendant on probation, "it shall attach such reasonable conditions ... as it deems necessary to insure that he will lead a law-abiding life or is likely to assist him to do so." *N.J.S.A.* 2C:45–1a. The "inexcusable failure" of a defendant "to comply with a substantial requirement imposed as a condition" may lead to the revocation of probation and resentencing of the defendant. *N.J.S.A.* 2C:45–3a(4).

At a violation of probation hearing the court must determine whether the violation is serious enough to justify revocation of probation. *State v. Baylass, supra,* 114 *N.J.* at 175, 553 *A.*2d 326. One of the prime purposes of reporting procedures as a condition of probation is to provide an opportunity for law enforcement authorities "to detect other violations and, in the appropriate case, to help a defendant avoid them." *State v. McCain,* 150 *N.J.Super.* 497, 499, 376 *A.*2d 185 (App. Div.1977). The failure to report is "a quite substantial and serious violation," as protection of the public "depends in part on maximum contact between the probation officer and the probationer." *Ibid.* Further, although the trial court's deci-

sion to revoke probation must be based on credible evidence, the defendant bears the burden of showing an excuse for the failure to comply with the condition. *State v. Reyes,* 207 *N.J.Super.* 126, 139–40, 504 *A.*2d 43 (App.Div.1986).

■ We discern no abuse of discretion in the trial court's decision to revoke defendant's probation. Defendant missed seven of fourteen appointments with his probation officer between August 1, 1989, and November 13, 1989, and failed to report in person after September 1989. To find that defendant's school schedule was insufficient excuse was not clear error. Combined with defendant's other violations, the court acted within its discretion.

## IV

■ Defendant contends that the prosecutor's authority under section 12 to waive the mandatory parole disqualifier under section 7 violates separation of powers. In *Vasquez,* 129 *N.J.* at 197, 609 *A.*2d 29, we upheld the constitutionality of section 12 in the face of the defendant's challenge that the statute violated the doctrine of separation of powers. We rejected that contention relying largely on *State v. Lagares,* 127 *N.J.* 20, 601 *A.*2d 698 (1992). We interpreted the statute to require prosecutors to adopt guidelines to channel the exercise of prosecutorial discretion. Prosecutors are further required to state on the record the reasons for their decision to waive or not to waive the parole disqualifier, thereby allowing effective judicial review of the reasons. When a defendant shows by clear and convincing evidence that the prosecutor's exercise of discretion was arbitrary or capricious, the court is empowered to grant relief.

Accordingly, defendant's constitutional claim based on the separation of powers doctrine fails.

## V

■ The major issue in this case, as in *Vasquez*, is whether the court on resentencing for violation of probation imposed pursuant to sections 7 and 12 is required to impose a period of parole disqualification and whether the prosecutor has authority to require the imposition of such a parole disqualifier. In *Vasquez, supra*, we held that the statutory scheme does not compel the court to impose a mandatory period of parole disqualification in resentencing a defendant because of the violation of probation, nor does it empower the prosecutor to demand the imposition of such a mandatory parole disqualifier. 129 *N.J.* at 199–200, 609 *A.*2d 29.

Consistent with our decision in *Vasquez*, we agree with defendant's argument that the section 12 waiver cannot be used to circumvent this Court's rulings in *State v. Baylass, supra*, 114 *N.J.* 169, 553 *A.*2d 326, and *State v. Molina, supra*, 114 *N.J.* 181, 553 *A.*2d 332, which explained the statutory standards governing the discretion to be exercised in resentencing a defendant for violation of probation. As we held in *Vasquez, supra*, the prosecutor is without authority to insist that the court impose a parole disqualifier on a sentence imposed after a violation of probation. 129 *N.J.* at 202–03, 609 *A.*2d 29. Section 7's parole disqualifier is a conditional, not a mandatory, sentence. Once the prosecutor waives the parole disqualifier at the original sentencing, and that sentence has been served, it is no longer mandatory in future proceedings. Rather, the court is guided by the standards articulated in *Baylass* and *Molina* in determining the appropriate sentence for a violation of probation. In resentencing, however, the court can consider that the mitigating factors may be reweighed and in particular, if applicable, that mitigating factor *N.J.S.A.* 2C:44–1b(12), based on the defendant's cooperation with the State, may be of particular importance in the re-weighing process. We recognize that in appropriate cases justified by the relevant circumstances and explained by adequate reasons, a court may impose a period of

mandatory incarceration with a presumptive custodial term. But the decision to impose a parole disqualifier resides with the court, not the prosecutor.

Moreover, that conclusion is not avoided merely because the plea agreement expressly purported to govern at the violation of probation, or because defendant was advised at the original sentence that if he violated probation the court would consider itself compelled to impose a parole disqualifier.

Here, the court erred initially in not making its own independent determination of whether probation was an appropriate sentence for defendant at the time of the original sentencing. *See Baylass, supra,* 114 *N.J.* at 177–78, 553 *A.*2d 326. The court found substantial aggravating factors and an absence of mitigating factors. Nevertheless, the court accepted the plea agreement and acceded to the prosecutor's recommendation because the court believed it to be binding. The sentencing court incorrectly placed defendant on probation for the "primary reason ... that it was the result sought by the prosecutor." *Ibid.*

That misconception of the court's proper sentencing authority was carried forward into its exercise of authority on resentencing for violation of probation. In resentencing defendant after revoking his probation, the court believed that it was compelled to impose a parole disqualifier because the prosecutor had waived that provision for initial purposes only. That misperceived the proper scope of sentencing authority in light of *Vasquez.* We note here that the court determined at the original sentence that there were no mitigating factors and hence there appears to be no basis for a conclusion that the decision to waive the period of parole disqualification was based on the defendant's anticipated cooperation with the State. For the reasons earlier expressed, that consideration militates against the discretionary imposition of a parole disqualifier on the resentencing for the violation of probation. We remand the

matter to the trial court for resentencing consistent with this opinion and *Vasquez.*

The judgment is affirmed with respect to the revocation of probation, but reversed with respect to the imposition of sentence. The case is remanded for resentencing consistent with this opinion.

*For affirmance in part; reversal in part and remandment*—Chief Justice WILENTZ and Justices, HANDLER, CLIFFORD, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.