269 N.J. Super. 78 (1993)
634 A.2d 572
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JASPER LESLIE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1993.
Decided December 14, 1993.
*79 Before Judges MICHELS, KESTIN and WEFING.
John J. Scaliti, Assistant Bergen County Prosecutor, argued the cause for appellant (John J. Fahy, Bergen County Prosecutor, attorney; Mr. Scaliti, of counsel and on the letter brief).
John L. Weichsel argued the cause for respondent.
The opinion of the court was delivered by MICHELS, P.J.A.D.
The State appeals from a judgment of conviction and order of commitment of the Law Division that sentenced defendant Jasper Leslie to a probationary term of five years on the condition that he serve 364 days in the Bergen County Jail and perform 360 hours of community service. The sentence was imposed upon defendant following his guilty plea, pursuant to a plea agreement, to possession of five pounds or more of marijuana with the intent to distribute the same within 1,000 feet of school property, a crime of the third degree, in violation of N.J.S.A. 2C:35-7.
Defendant and his wife, Marva Leslie, were indicted by the Bergen County Grand Jury and charged with (1) possession of marijuana in a quantity of five pounds or more with the intent to distribute the same, a crime of the second degree, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(10) (First Count); (2) possession of marijuana in a quantity of five pounds or more with the intent to distribute the same within 1,000 feet of school property, a crime of the third degree, in violation of N.J.S.A. 2C:35-7 (Second Count); and (3) possession of more than fifty grams of marijuana, a crime of the fourth degree, in violation of N.J.S.A. 2C:35-10a(3) (Count Three). Following plea negotiations, defendant pleaded guilty to possession of marijuana in a quantity of five pounds or more with intent to distribute within 1,000 feet of school property under the Second Count. The State, for its part of the plea agreement, recommended that defendant *80 be sentenced to five years with a one-and-one-half year period of parole ineligibility. In addition, the State recommended that the First and Third Counts of the indictment be dismissed against defendant and that the entire indictment be dismissed against his wife.
Notwithstanding the plea agreement, the trial court disregarded the negotiated sentence recommended by the prosecutor pursuant to the authority conferred upon him under N.J.S.A. 2C:35-12, and sentenced defendant to a five year probationary term conditioned upon his serving 364 days in the Bergen County Jail and performing 360 hours of community service under Count Two. The trial court also assessed a $1,000 Drug Enforcement Demand Reduction penalty, a $50 laboratory fee, a $30 Violent Crimes Compensation Board penalty, dismissed the remaining counts of the indictment against defendant and dismissed the entire indictment against his wife. In refusing to sentence defendant in accordance with the plea agreement, the trial court held that the prosecutor, who appeared at the sentencing, was obligated under N.J.S.A. 2C:35-12 and State v. Vasquez, 129 N.J. 189, 609 A.2d 29 (1992) and State v. Peters, 129 N.J. 210, 609 A.2d 40 (1992), to set forth her rationale for waiving the mandatory three year period of parole ineligibility, and since she failed to do so, the prosecutor abused her discretion, acted in an arbitrary, capricious and unreasonable manner and, thereby, waived any mandatory minimum period of parole ineligibility. We disagree. The probationary term imposed by the trial court in disregard both of the plea agreement and of the prosecutor's recommended sentence under N.J.S.A. 2C:35-12 was illegal. The sentence, therefore, must be vacated and the matter remanded to the trial court for resentencing consistent with the plea agreement recommended by the prosecutor.
It is perfectly clear that the probationary term imposed upon defendant in violation of the plea agreement and the sentencing provisions of the New Jersey Code of Criminal Justice (Code) was illegal. N.J.S.A. 2C:35-7, in pertinent part, provides:

*81 Any person who violates subsection a. of N.J.S. 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in N.J.S. 2C:35-12, be sentenced by the court to a term of imprisonment. Where the violation involves less than one ounce of marijuana, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or one year, whichever is greater, during which the defendant shall be ineligible for parole. In all other cases, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole.
N.J.S.A. 2C:35-12, which requires the sentencing court to impose the mandatory sentence on a defendant convicted of an offense proscribed by Chapter 35, provides:
Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, or a mandatory extended term which includes a period of parole ineligibility, the court upon conviction shall impose the mandatory sentence unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement, which provides for a lesser sentence or period of parole ineligibility. The negotiated plea or post-conviction agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, a specified period of parole ineligibility, a specified fine, or other disposition. In that event, the court at sentencing shall not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea or post-conviction agreement. [Emphasis added.]
The Legislature enacted the Comprehensive Drug Reform Act of 1986, N.J.S.A. 2C:35-1 et seq., explicitly recognizing that "the imposition of a uniform, consistent and predictable sentence for a given offense is an essential prerequisite to any rational deterrent scheme designed ultimately to reduce the incidence of crime." N.J.S.A. 2C:35-1.1a. In addition, the Legislature expressly intended to provide "[s]pecial protection to children from the perils of drug trafficking ... [by providing] especially stern punishment for those drug offenders who operate on or near schools...." N.J.S.A. 2C:35-1.1c. See also, State v. Shaw, 131 N.J. 1, 8, 618 A.2d 294 (1993). To that end, the Legislature enacted Section 7, *82 N.J.S.A. 2C:35-7, with its mandatory terms of imprisonment. State v. Jimenez, 266 N.J. Super. 560, 566, 630 A.2d 348 (App.Div. 1993) (citing 1987 Legislative Assembly Judiciary Committee Commentary to the Comprehensive Drug Reform Act (L. 1987, c. 101, § 1), reprinted in Cannel, New Jersey Criminal Code Annotated, comment 1 to N.J.S.A. 2C:35-7 (1992-93)).
Nevertheless, the Legislature balanced this stated goal of strict punishment and sentence uniformity by expressly conferring upon the prosecutor the power and authority to waive the mandatory minimum prison term through Section 12, N.J.S.A. 2C:35-12. See State v. Bridges, 131 N.J. 402, 408, 621 A.2d 1 (1993); State v. Vasquez, supra, 129 N.J. at 204, 609 A.2d 29; State v. Jimenez, supra, 266 N.J. Super. at 567, 630 A.2d 348. This flexibility accorded to prosecutors under Section 12 "was designed to aid law enforcement efforts to penetrate the drug-trafficking hierarchy by securing cooperation of lower and middle level drug offenders." State v. Jimenez, supra, 266 N.J. Super. at 567, 630 A.2d 348; see also State v. Bridges, supra, 131 N.J. at 408, 621 A.2d 1. Recently, in State v. Bridges, supra, the Supreme Court held that where a negotiated plea agreement provides for a specified term of imprisonment, the sentencing court may not impose a lesser term than provided in the plea agreement. In so holding, the Court reasoned:
To allow a court to sentence below the prison term provided in the plea agreement undermines the clear legislative purpose expressed in section 12. Prosecutors would understandably be reluctant to enter into a section 12 plea agreement knowing that in addition to the waiver of the mandatory-minimum parole disqualifier, the defendant could receive only a fraction of the bargained-for time of incarceration. To promote cooperation between drug offenders and law enforcement, therefore, section 12 must be read to limit a court's discretion to sentence below the agreed-upon term of imprisonment. [131 N.J. at 410, 621 A.2d 1.]
There, defendant had entered into an agreement with the State to plead guilty to the possession of cocaine with intent to distribute in violation of Section 7. In exchange for the plea, the State had agreed, under Section 12, to waive the mandatory minimum period of parole ineligibility and to recommend that defendant be sentenced to probation with 364 days in the county jail. Defendant *83 contended that the court had discretion under Section 12 to reduce the custodial part of his sentence. Specifically, defendant argued that his sentence to probation was an "other disposition" and not a "term of imprisonment" under Section 12, and, thus, the trial court was not bound by the prosecutor's recommended sentence. The Court rejected this argument, holding that defendant's sentence to probation should be considered a "term of imprisonment" for purposes of Section 12 and that the trial court had no authority to reduce the custodial part of the plea agreement.
The Court also recognized that the Legislature intended to limit a sentencing court's exercise of discretion under a Section 12 plea agreement to only two situations:
(1) when the court finds that the "interests of justice" would not be served by effectuating that agreement, it has the discretion to reject a plea in its entirety, R. 3:9-3; and (2) when the plea agreement remains silent concerning any or all terms, the court retains discretion to impose any sentence deemed appropriate, within the requirements of the Act. [Id. at 409, 621 A.2d 1.]
The Court continued, however, that once a court accepts a negotiated plea "it is `bound by the specific terms and conditions of that negotiated agreement' for the purpose of imposing sentence." Ibid. (quoting Official Commentary to the Comprehensive Drug Reform Act (Laws 1987, Chapter 106), reprinted in 9 Crim.Just.Q. 149, 161 (1987)).
The discretionary authority granted the prosecution under Section 12 has been held to be constitutional. State v. Vasquez, supra, 129 N.J. at 195-97, 609 A.2d 29; State v. Peters, supra, 129 N.J. at 213, 609 A.2d 40. In State v. Vasquez, supra, the Court interpreted the statute to require that exercise of discretion by the prosecutor be subject to judicial review. In the exercise of that discretion, the prosecutor must "state on the record the reasons for the decision to waive or the refusal to waive the parole disqualifier." 129 N.J. at 196, 609 A.2d 40 (citation omitted). "A defendant who shows clearly and convincingly that the exercise of discretion was arbitrary and capricious would be entitled to relief." Ibid.
*84 In light of the clear and unambiguous language of N.J.S.A. 2C:35-12 and the Supreme Court's decision in State v. Bridges, supra, it is perfectly plain that the trial court did not have the power or the authority to deviate from the terms of the plea agreement and sentence defendant to a five-year probationary term conditioned on his serving 364 days in the Bergen County jail and performing 360 hours of community service. The trial court could not sentence defendant to any prison term less than that provided for by the plea agreement. Section 12 expressly limits the sentencing court's ability to sentence a defendant to a lesser sentence than that "provided under the terms of the plea agreement." If the trial court had any misgivings about the validity or the fairness of the plea agreement and the sentence to be imposed thereunder, it should have rejected the plea and directed defendant to stand trial.[1] In a somewhat different context concerning Section 12, the Supreme Court instructed in State v. Shaw, supra:
If the trial court has any doubt about the fairness of the arrangements at the plea, the court's obligation is to refuse to accept the plea. The prosecutor will have stated, in accordance with the guidelines, the reasons for the plea agreement. Once accepted by the court, the plea governs the sentencing. [131 N.J. at 17-18, 618 A.2d 294.]
Since the trial court accepted defendant's guilty plea entered in accordance with the plea agreement, the trial court could not disregard the plea agreement and impose a sentence lesser than that provided by the agreement. Consequently, the probationary sentence imposed upon defendant in disregard of the negotiated plea was illegal and must be vacated.
*85 Moreover, contrary to the trial court's view, State v. Vasquez, supra, and State v. Peters, supra, do not apply to the imposition of this sentence, which was negotiated as part of the plea agreement and in accordance with the authority conferred upon the prosecutor under Section 12. N.J.S.A. 2C:35-12 unquestionably and directly governed the sentencing of defendant. State v. Vasquez, supra, and State v. Peters, supra, are factually distinguishable and cannot be read as supporting the trial court's probationary term. In those cases, the State, after a violation of probation, was insisting upon the imposition of a mandatory minimum sentence which had initially been waived with the reservation to reinstate the sentence in the event of a probation violation. The sentencing courts were acceding without exercising an essential discretionary oversight role. The Supreme Court held that judicial evaluation was required as a safeguard against arbitrary, discriminatory or disproportionate results that might stem from unilateral prosecutorial choices. Here, there was no request to impose the statutory mandatory minimum period of parole ineligibility prescribed for the offense. On the contrary, the State and defendant negotiated away the statutory mandatory minimum parole disqualifier and substituted in its place an agreed upon lesser minimum period of parole ineligibility. The trial court could not disregard the sentence negotiated by the prosecutor and defendant if, as here, it accepted defendant's guilty plea pursuant to the plea agreement.
Beyond this, the trial court's evaluation of the situation before it was plainly incorrect. The prosecutor indicated rather clearly the reason for recommending a parole disqualifier less than the three year mandatory minimum period of parole ineligibility provided by the statute. The prosecutor set forth the reason for such recommendation, maintaining that the State felt that the fact that defendant had no prior record "alone would be an appropriate reason for entering into such a plea bargain and providing for a more lenient period of parole ineligibility." This was sufficient to support the prosecutor's decision to waive the mandatory minimum, and shows clearly and convincingly that the prosecutor's exercise of discretion in this matter was not arbitrary, capricious *86 or unreasonable. Cf. State v. Gonzalez, 254 N.J. Super. 300, 309, 603 A.2d 516 (App.Div. 1992). See also State v. Jimenez, supra, 266 N.J. Super. at 568 n. 3, 630 A.2d 348. Thus, there was absolutely no basis to conclude that the prosecutor waived the parole disqualifier, entitling defendant to any relief from the negotiated sentence.
Finally, we point out that since the probationary sentence imposed upon defendant was illegal, the State had the authority, if not the duty, to appeal the sentence. Additionally, the State's authority to appeal the sentence had not expired even though defendant served the custodial portion of the probationary sentence, and the State's appeal, the vacation of the sentence and the remand for resentencing consistent with the plea agreement do not offend constitutional principles of double jeopardy. Defendant's arguments to the contrary are clearly without merit. R. 2:11-3(e)(2).
Accordingly, the probationary sentence imposed upon defendant is illegal; the sentence, therefore, is vacated, and the matter remanded to the trial court for resentencing consistent with the plea agreement. The trial court shall determine the appropriate credit to which defendant is entitled against the sentence for time served. We do not retain jurisdiction.
NOTES
[1] In evaluating the sentence, the trial court should have realized that defendant's plea, although establishing his guilt to possession of five pounds or more of marijuana with intent to distribute the same within 1,000 feet of school property, a crime of the third degree, in violation of N.J.S.A. 2C:35-7, under the Second Count, also established the factual predicate for the second degree crime charged in the First Count, to wit, possession of five pounds or more of marijuana with intent to distribute in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(10), for which a probationary sentence would have been inappropriate. State v. O'Connor, 105 N.J. 399, 405, 408-11, 522 A.2d 423 (1987).