SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

### State v. Darryl Bishop and State v. Wilberto Torres (A-26/27-13) (072395)

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Lisa's written opinion, which is published at 429 N.J. Super. 533 (App. Div. 2013).)**

**Argued October 7, 2015 – Decided October 21, 2015**

**PER CURIAM**

The issue in this appeal is whether the prosecutor, by consenting to defendants' special probation sentences pursuant to N.J.S.A. 2C:35-14, irrevocably waived the right to seek an extended term sentence with a parole disqualifier – the initial sentencing alternative – upon permanent revocation of each defendant's special probation.

Pursuant to a plea agreement, defendants Darryl Bishop and Wilberto Torres pled guilty to possession with intent to distribute heroin within one thousand feet of school property, in violation of N.J.S.A. 2C:35-7. Pursuant to N.J.S.A. 2C:43-6f, defendants were eligible for mandatory extended terms based on their prior convictions for drug offenses. The prosecutor consented to defendants being sentenced to Drug Court, specifically special probation pursuant to N.J.S.A. 2C:35-14a. Although the State recommended special probation, each plea agreement provided for an "alternate sentence" of seven years' imprisonment with a forty-two-month period of parole ineligibility, which constituted an extended term sentence.

After serving a portion of their special probation term, each defendant pled guilty to violating probation and their probation was permanently revoked. At their violation of probation (VOP) sentencing hearings, the prosecutor sought to have the court impose the alternative sentences considered at defendants' initial sentencing hearings, and provided for in their respective plea agreements (i.e., seven-year prison terms with forty-two-month parole disqualifiers). In each case, the sentencing court found the same three aggravating factors found at initial sentencing (risk of re-offense, prior record, and the need for deterrence) and no mitigating factors. The court sentenced Bishop to a seven-year prison term with a forty-two-month parole disqualifier and Torres to a seven-year prison term with a thirty-six-month parole disqualifier.

Defendants appealed to the Appellate Division, arguing that by consenting to special probation, the prosecutor had irrevocably waived the right to pursue the alternative sentences contemplated when they were initially sentenced. Defendants asserted that the new sentences were in violation of State v. Baylass, 114 N.J. 169 (1989), State v. Lagares, 127 N.J. 20 (1992), State v. Vasquez, 129 N.J. 189 (1992), and State v. Peters, 129 N.J. 210 (1992), all of which involved defendants whose "regular" probation pursuant to N.J.S.A. 2C:45-3b had been revoked. Defendants maintained that pursuant to the sentencing principles established in those cases, their exposure should have been no more than four-year terms with no period of parole ineligibility. They argued that because they chose special probation over the alternative sentencing option, a VOP could not trigger the alternative sentences upon revocation of special probation.

On February 27, 2013, in a published decision, the Appellate Division affirmed defendants' sentences. 429 N.J. Super. 533 (App. Div. 2013). The appellate panel distinguished special probation from regular probation, noting that generally, in the case of regular probation, which typically involves third and fourth-degree offenses, there is a presumption against state prison for defendants without a prior criminal record. If the defendant has a record, the court engages in a balancing of aggravating and mitigating factors to determine eligibility for regular probation. The Appellate Division observed, however, that special probation was tailored for those convicted of first or second-degree crimes that carry a presumption of incarceration and are thus not eligible for regular probation. The Appellate Division recognized, however, that in the case of special probation the court does not engage in a weighing of aggravating and mitigating factors to determine eligibility, but is guided by statutory

requirements pursuant to N.J.S.A. 2C:35-14. The Appellate Division concluded that it was entirely logical that, given the different criteria for eligibility into either regular probation or special probation, different consequences would flow should probation be permanently revoked.

The Appellate Division reviewed the cases relied on by defendants and determined that these cases, decided between 1989 and 1992, pre-dated N.J.S.A. 2C:35-14f(4), which provides, in pertinent part:

> (4) If the court permanently revokes the person's special probation pursuant to this subsection, the court shall impose any sentence that might have been imposed, or that would have been required to be imposed, originally for the offense for which the person was convicted or adjudicated delinquent. The court shall conduct a de novo review of any aggravating and mitigating factors present at the time of both original sentencing and resentencing.

The Appellate Division noted that this provision was a "marked departure from the regular probation standard and provides express statutory direction preserving all sentencing provisions available at the original sentencing in the event of revocation of special probation." 429 N.J. Super. at 547. The Appellate Division observed that this was a particularly important development as it created for special probationers a strong incentive to stay on course towards rehabilitation, knowing that should their special probation be permanently revoked, they would face the substantial alternative sentence that would otherwise have been imposed. The Appellate Division concluded that the defendants in this case were fully informed of the consequences should they violate special probation and that the sentences imposed upon revocation were appropriate.

**HELD**: The judgment of the Appellate Division is affirmed substantially for the reasons expressed in the Appellate Division's opinion, reported at 429 N.J. Super. 533 (App. Div. 2013).

The judgment of the Appellate Division is **AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in this opinion. JUSTICE FERNANDEZ-VINA and JUDGE CUFF (temporarily assigned) did not participate.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

DARRYL BISHOP,

    Defendant-Appellant.

---

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

WILBERTO TORRES,

    Defendant-Appellant.


        Argued October 7, 2015 – Decided October 21, 2015

        On certification to the Superior Court, Appellate Division, whose opinion is reported at 429 N.J. Super. 533 (App. Div. 2013).

        John W. Douard, Assistant Deputy Public Defender, argued the cause for appellants (Joseph E. Krakora, Public Defender, attorney).

        Joie D. Piderit, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney).

Jennifer E. Kmieciak, Assistant Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (John H. Hoffman, Acting Attorney General, attorney).

Jeffrey S. Mandel submitted a letter in lieu of brief on behalf of amicus curiae Association of Criminal Defense Lawyers of New Jersey (Cutolo Mandel, attorneys).

PER CURIAM

The judgment of the Appellate Division is affirmed, substantially for the reasons expressed in Judge Lisa's opinion reported at 429 N.J. Super. 533 (App. Div. 2013).

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in this opinion.  JUSTICE FERNANDEZ-VINA and JUDGE CUFF (temporarily assigned) did not participate.

SUPREME COURT OF NEW JERSEY

NO.    A-26/27                              SEPTEMBER TERM 2013

ON CERTIFICATION TO _____ Appellate Division, Superior Court _____


STATE OF NEW JERSEY,

        Plaintiff-Respondent,

                    v.

DARRYL BISHOP,

        Defendant-Appellant.

_____


STATE OF NEW JERSEY,

        Plaintiff-Respondent,

                    v.

WILBERTO TORRES,

        Defendant-Appellant.


DECIDED _____ October 21, 2015 _____
_____ Chief Justice Rabner _____ PRESIDING
OPINION BY _____ Per Curiam _____
CONCURRING/DISSENTING OPINIONS BY _____
DISSENTING OPINION BY _____

| CHECKLIST | AFFIRM | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | -------------------- | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | -------------------- | |
| TOTALS | 5 | |