**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5397-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSEPH FRYSTOCK, a/k/a
JOSEPH FRYSZTAK, and
MICHAEL F. BOLLERMAN,

     Defendant-Appellant.

_____

Submitted April 1, 2019 – Decided April 10, 2019

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 13-07-1846 and 13-07-1847.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Maura K. Tully, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In December 2013, defendant Joseph Frystock pled guilty to third-degree theft, N.J.S.A. 2C:20-3(a); fourth-degree credit card theft, N.J.S.A. 2C:21-6(c)(1); and third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h). Pursuant to the terms of his plea agreement, the judge sentenced defendant later that month to five years of Drug Court probation. The plea agreement and the sentence also provided for the imposition of an alternate term of five years in prison, with a two-year period of parole ineligibility to be implemented if defendant violated probation.

As a Drug Court participant, defendant was required to abide by the conditions of his probation. Among other things, defendant had to "obey all federal, state and municipal laws and ordinances[,] . . . [and] notify [his] probation officer if [he was] arrested or issued a summons in any jurisdiction." Defendant was also required to "answer truthfully all inquir[i]es made by [his] probation officer[,]" and "promptly report any change of address or residence to [his] probation officer."

Defendant did not do well in Drug Court, and never progressed past "Phase One" of the program. He also violated the conditions of his probation on multiple occasions. In November 2015, defendant pled guilty to failing to

notify his parole officer of a change of address. However, his probation officer recommended that defendant have the opportunity to remain in Drug Court, and the judge agreed to continue him on probation.

In March 2016, defendant tested positive for morphine after a urine screen. Two months later, a probation officer saw defendant driving a car even though his driver's license had been suspended. At the violation of probation (VOP) hearing that followed, defendant denied he was driving a car while suspended, and claimed that the morphine detected in his system was caused by having eaten "a coffee ring" containing poppy seeds. On February 16, 2017, Judge Honora O'Brien Kilgallen rejected defendant's contentions, found defendant guilty of both charges, sentenced defendant to seven days in the county jail as a sanction, and allowed defendant to remain on Drug Court probation.

In August 2017, additional VOP charges were filed against defendant for driving for a second time with a suspended license; providing false information to a probation officer; and again changing his address without advising his probation officer. At the hearing that followed, Senior Probation Officer Daniel McNamee testified that he was in a library on July 19, 2017, which was his day off. Officer McNamee saw defendant at the counter checking out books. After

defendant walked out of the library, he got into a car, and began driving away. Defendant still did not have a valid driver's license at this time. Officer McNamee yelled out defendant's name, approached the car after defendant stopped, and stated, "Joe, . . . you're driving again. At that point, [Officer McNamee] told him to call his probation officer." Defendant "smirked and drove away."

The next day, Court Supervisor Stacey Coder called defendant in to question him about the incident. Defendant told Supervisor Coder that "he was never at the library" and, when confronted with Officer McNamee's report, replied "that he had a different version of events." The State obtained a surveillance video from the library that clearly showed defendant driving the car as he left the library.[1] In addition, defendant made a comment to Supervisor Coder about property values in her hometown, which she viewed as a threatening, "passive-aggressive statement that he knew exactly where I lived."

Senior Probation Officer Mark Delaney testified that on October 29, 2017, he went to defendant's home to conduct a curfew check. Defendant's adult son answered the door and told Officer Delaney that defendant did not live at the

---

[1] Judge O'Brien Kilgallen denied defendant's pre-hearing motion to suppress Officer McNamee's testimony concerning his observations of defendant driving away from the library, and the videotape confirming that he did so.

A-5397-16T1

address defendant had provided to the probation department.  Defendant's son also stated, "do you see the position my dad puts me in.  I mean I can't lie to you guys, he does not live here."  Officer Delaney attempted to telephone defendant, but he did not respond to the officer's call.

Defendant did not testify, or call any witnesses.

At the conclusion of the hearing, Judge O'Brien Kilgallen rendered a thorough oral decision.  Citing N.J.S.A. 2C:45-3(a)(4), the judge found that defendant failed to comply with "substantial requirements" of his probation by failing to (1) obey the law by driving for a second time without a license;  (2) provide truthful information to Supervisor Coder about the incident; and (3) notify his probation officer that he had changed his address.

Based upon these violations, defendant's prior offenses while on probation, and his failure to make any progress in his rehabilitation, the judge terminated defendant from Drug Court.  Judge O'Brien Kilgallen stated:

> The purpose of Drug Court [is] to permit prison bound offenders to address their addiction by getting into recovery.  Recovery I have learned is not simply abstinence but abstinence plus change.  It is hoped that with abstinence and change the Drug Court participants will no longer violate the law and will live productive and law abiding lives.
>
> After four years on Drug Court, this defendant has not changed a thing.  He does what he wants,

5

without regard to the law. The Probation Officer assigned to this defendant, the supervising Probation Officers and the Drug Court team believe there is nothing further we can do for this defendant, since his failure to abide by the law is not the result of drug use, but rather his own destructive behavior.

Judge O'Brien Kilgallen sentenced defendant to five years in prison, subject to a two-year period of parole ineligibility, the alternate term that was part of his December 2013 plea agreement. In determining this sentence, the judge applied the directives the Supreme Court established for VOP cases in State v. Bayless, 114 N.J. 169 (1989). She considered the aggravating factors that existed at the time of defendant's sentence to Drug Court in December 2013,[2] and found there was a risk that defendant would commit another offense based on the fact that he had an extensive criminal record in the form of a dozen prior Superior Court convictions and eleven municipal court convictions, and that he needed to be deterred from future criminal activity.

Turning to the mitigating factors, Judge O'Brien Kilgallen noted that the only mitigating factor the court found in December 2013 was N.J.S.A. 2C:44-

---

[2] These aggravating factors were N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted"); and N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law").

A-5397-16T1

1(b)(10), the belief that defendant would respond affirmatively to probationary treatment. The judge explained that this mitigating factor no longer applied because defendant violated the conditions of his probation on multiple occasions. In imposing the alternate sentence, Judge O'Brien Kilgallen found "by clear and convincing evidence that the aggravating factors outweigh[ed] the non[-]existent mitigating factors." This appeal followed.

On appeal, defendant presents the following contentions:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS BECAUSE THE PROBATION OFFICER ILLEGALLY CONDUCTED SURVEILLANCE OF DEFENDANT.
>
> POINT II
>
> THE TRIAL COURT ERRED IN REVOKING DEFENDANT'S PROBATION BECAUSE THE COURT FAILED TO ACKNOWLEDGE THE INSUBSTANTIAL NATURE OF THE ALLEGED VIOLATIONS AND BASED ITS DECISION ON UNRELIABLE HEARSAY.
>
> POINT III
>
> THE IMPOSITION OF A FIVE-YEAR SENTENCE WITH A TWO-YEAR PAROLE INELIGIBILITY TERM VIOLATED STATE V. BAYLESS, 114 N.J. 169 (1989), AND MUST BE REDUCED.

A-5397-16T1

POINT IV

THE IMPOSITION OF THE DISCRETIONARY PERIOD OF PAROLE INELIGIBILITY WAS UNCONSTITUTIONAL AND MUST BE VACATED BY THIS COURT. U.S. Const. [a]mend. VI, XIV; N.J. Const. [a]rt. I, ¶¶ 1, 12.

Having considered these contentions in light of the record and applicable law, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge O'Brien Kilgallen in her comprehensive oral opinion. We add the following brief comments.

Contrary to defendant's contentions in Point I, the judge properly denied defendant's meritless motion to suppress Officer McNamee's testimony concerning his chance encounter with defendant at the library where he saw defendant driving a car without a license. Defendant argues that the officer exceeded the permissible bounds of his duties by "acting as a law enforcement officer by conducting surveillance of defendant, a traditional function of the police." However, as Judge O'Brien Kilgallen correctly found, there was nothing untoward about the officer's actions at the library. Officer McNamee correctly reported his observation that defendant had again blatantly violated the law by driving without a license and, based on his report, the probation

A-5397-16T1

department properly obtained the library surveillance video to support its decision to charge defendant with a VOP. The judge's detailed findings on this issue are plainly supported by sufficient credible evidence in the record and, therefore, we discern no basis for disturbing her decision to deny defendant's suppression motion. State v. Rockford, 213 N.J. 424, 440 (2013).

We also reject defendant's argument in Point II that his probation could not be revoked because driving without a license for the second time; providing false information to the supervising probation officer about the incident; and failing to advise his probation officer that he had changed his address, were not violations of "substantial requirements" of his probation under N.J.S.A. 2C:45-3(a)(4). As Judge O'Brien Kilgallen explained, the conditions defendant violated were clearly significant, and defendant did not meet his "burden of showing an excuse for [his] failure to comply with the condition[s]." State v. Peters, 129 N.J. 210, 217-18 (1992). Under these circumstances, we detect no abuse of discretion in the judge's reasoned decision.

The judge also properly considered the hearsay statement of defendant's son that his father no longer lived at the address he gave to the probation department. Contrary to defendant's assertions, hearsay may be introduced in a

VOP hearing if it is sufficiently reliable. State v. Mosley, 232 N.J. 169, 189-90 (2018). That was clearly the case here.

Defendant's arguments in Point III concerning his sentence also lack merit. Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. State v. Case, 220 N.J. 49, 65 (2014).

We are satisfied that the trial judge made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, and applied the correct sentencing standards set forth in Bayless for VOP proceedings. Accordingly, we discern no basis to second-guess the sentence.

Finally, the Supreme Court recently rejected defendant's argument in Point IV that a sentencing judge may not exercise his or her discretion by imposing a mandatory-minimum period of parole ineligibility under N.J.S.A. 2C:43-6(b) without offending the United States Constitution. State v. Kiriakakis, 235 N.J. 420, 424-25 (2018). Therefore, the judge's decision to

impose the alternate five-year sentence, which included a two-year period of parole ineligibility, is unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION