**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1913-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SADIQUA N. MITCHELL,

     Defendant-Appellant.

_____

Submitted March 31, 2020 – Decided April 24, 2020

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-09-2710.

Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa A. Aiello, Assistant Deputy Public Defender, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Pursuant to a negotiated plea agreement with the State, defendant Sadiqua N. Mitchell pled guilty to second-degree unlawful possession of a .40 caliber handgun, N.J.S.A. 2C:39-5(b)(1). In exchange for defendant's guilty plea, the State recommended a noncustodial probationary term consistent with the Graves Act waiver statute, N.J.S.A. 2C:43-6.2. The Criminal Division presiding judge granted the waiver and the trial judge imposed a four-year probationary term, with the potential for early termination, provided defendant complied fully with the terms of probation. But, defendant violated those terms. Thereafter, the same judge who had imposed sentence afforded defendant opportunities to improve, but she failed to engage in a manner that would justify continuing her probationary term. Accordingly, the judge terminated probation without improvement.

Following oral argument over the course of two hearings, the judge resentenced defendant to a five-year term of imprisonment with a "mandatory minimum" term of forty-two months without parole pursuant to the Graves Act, N.J.S.A. 2C:43-6(c). In reaching her decision, the judge noted she was "constrained" to impose the parole disqualifier under that section of the Graves Act. The judge stayed defendant's sentence pending appeal.

On appeal, defendant raises a single point for our consideration:

A-1913-18T2

POINT I

> THE GRAVES ACT MINIMUM TERM IS NOT MANDATORY FOR PURPOSES OF RESENTENCING ON A VIOLATION OF PROBATION. THEREFORE, DEFENDANT'S SENTENCE MUST BE VACATED AND THE MATTER REMANDED FOR RESENTENCING IN ACCORDANCE WITH THE STANDARDS SET FORTH IN STATE V. BAYL[A]SS.[1]

More particularly, defendant renews her argument that the State's agreement to waive the mandatory minimum term on defendant's original sentence, "survives a violation of probation" and therefore applies on resentencing. Defendant does not challenge the revocation of her probationary term.

The State now joins in the argument advanced by defendant, conceding a remand is necessary for resentencing. But, the State urges that on resentencing the judge

> must still adhere to the other sentencing provisions in the Code, including the normal range for second-degree offenses, the presumption of incarceration, and the high bar of imposing a sentence within the third-degree range. The court may also impose a period of parole ineligibility if, in its discretion, it deems it appropriate.

---

[1] 114 N.J. 169 (1989).

A-1913-18T2

Having reviewed the record in light of governing principles, we agree with defendant's argument, as circumscribed by the State. Accordingly, we vacate the sentence and remand for resentencing.

Because the issue raised on appeal implicates the legality of the sentence imposed, our review of the judge's decision is de novo. See State v. Nance, 228 N.J. 378, 393 (2017). We therefore "afford[] no special deference to the [judge's] interpretation of the relevant statutes." Ibid.; see also State v. Grate, 220 N.J. 317, 329 (2015).

Although the precise issue presented is one of first impression, we draw guidance – as did the parties – from our Supreme Court's companion decisions in State v. Vasquez, 129 N.J. 189 (1992) and State v. Peters, 129 N.J. 210 (1992), which shared similar fact patterns. In both cases, the defendants pled guilty to distribution of a controlled dangerous substance within 1,000 feet of a school, N.J.S.A. 2C:35-7, pursuant to a negotiated plea agreement with the State. Vasquez, 129 N.J. at 192; Peters, 129 N.J. at 213. The State in return agreed to waive the mandatory minimum term of imprisonment under N.J.S.A. 2C:35-12, recommended a probationary term, and indicated it would not waive the parole ineligibility term on resentencing for a violation of probation. Vasquez, 129 N.J. at 192; Peters, 129 N.J. at 213. Both defendants violated the terms of their

probationary terms and were resentenced to the mandatory three-year term of parole ineligibility under N.J.S.A. 2C:35-7.  Vasquez, 129 N.J. at 193; Peters, 129 N.J. at 214-15.  In each case, the trial court indicated it was "compelled" to sentence the defendant to a mandatory minimum term.  Vasquez, 129 N.J. at 192-93; Peters, 129 N.J. at 215.

Reversing both sentences, the Court distinguished between the nature of the parole disqualifier set forth in N.J.S.A. 2C:35-7 – which can be waived under N.J.S.A. 2C:35-12 – and mandatory sentencing statutes, which do not permit judicial discretion.  Vasquez, 129 N.J. at 199; see also Peters, 129 N.J. at 221 (deciding the same issues under the rationale set forth in Vasquez).  The Court observed:

> Section 7's parole disqualifier is not absolute -- it can be waived at the discretion of the prosecutor. Because the prosecutor can waive the parole disqualifier, section 7 sentencing is not "mandatory," at least in the typical or conventional use of mandatory sentencing.  Therefore, the section 7 sentencing scheme is a hybrid, combining mandatory and discretionary features and delegating sentencing authority to both the courts and the prosecutors.
>
> . . . .
>
> Moreover, section 12, which authorizes the waiver of the mandatory term, does so only in the context of the original sentencing.  That waiver may occur as part of a plea agreement or a post-conviction sentencing

agreement. However, the legislation does not expressly mandate that a parole disqualifier be applied at the resentencing stage or authorize the exercise by the prosecution of any power to waive or request such a parole disqualifier at that stage.

In addition, the imputation of such a mandatory term would be fundamentally inconsistent with the legislative scheme governing resentencing for violation of probation.

[Vasquez, 129 N.J. at 199, 201.]

Although the Court cited the Graves Act as an example of a statutory scheme that did not permit prosecutors to "eliminate or reduce the sentences that are mandatorily prescribed [thereunder] through plea bargains," id. at 199, we note the waiver provision set forth in N.J.S.A. 2C:43-6.2,[2] was not yet enacted when the Court decided Vasquez and Peters. We therefore conclude the rationale of the Court's decisions in those cases applies here, where a similar "hybrid" statutory scheme permitted the prosecutor to waive the mandatory minimum term for defendant's weapons offense.

We further agree with the State that on resentencing, the judge must sentence defendant pursuant to all applicable sentencing provisions. Because unlawful possession of a weapon is a second-degree offense, the sentencing

---

[2] See L. 1993, c. 49, §2.

range is between five and ten years, N.J.S.A. 2C:43-6(a)(2), and only if the judge "is clearly convinced that the mitigating factors clearly substantially outweigh the aggravating factors and . . . the interests of justice demands," then the judge may sentence defendant as a third-degree offender, N.J.S.A. 2C:44-1(f)(2). Regardless, the presumption of imprisonment applies, N.J.S.A. 2C:44-1(d). See also Nance, 228 N.J. at 398-99. Should the judge impose sentence in the third-degree range, the sentence must be stayed for ten days to permit the State to appeal. N.J.S.A. 2C:44-1(f)(2).

Although, as the State argues, the judge on resentencing "may" impose a period of parole ineligibility, see N.J.S.A. 2C:43-6(b), the Court has noted "it will be a rare case in which the balance of the original aggravating factors and surviving mitigating factors weigh in favor of . . . a period of parole ineligibility."[3] Baylass, 114 N.J. at 178. Because at the original sentencing, the mitigating factors weighed in favor of probation, a parole disqualifier ordinarily should not be imposed when resentencing defendant for the probation violation.

---

[3] At the original sentencing hearing, the judge determined mitigating factors seven (defendant had no prior criminal activity), N.J.S.A. 2C:44-1(b)(7), and ten (defendant was likely to respond to probationary treatment), N.J.S.A. 2C:44-1(b)(10) outweighed aggravating factor nine (specific and general deterrence), N.J.S.A. 2C:44-1(a)(9). Following the violation of probation, the judge found no mitigating factors applied.

7

Ibid. In reweighing the factors on resentencing, the court should consider the aggravating factors the court found applicable "at the original hearing and the mitigating factors as affected by the probation violations." See ibid.; State v. Molina, 114 N.J. 181, 184-85 (1989). The judge may not, however, find any new aggravating factors. Baylass, 114 N.J. at 176-78.

In sum, on remand the judge "may impose on . . . defendant any sentence that might have been imposed originally for the offense of which [s]he was convicted," N.J.S.A. 2C:45-3(b); see also State v. Frank, 280 N.J. Super. 26, 40 (App. Div. 1995) (recognizing "the original plea agreement does not survive a violation of probation."). On resentencing, the judge "should view defendant as [s]he stands before the court on that day." State v. Randolph, 210 N.J. 330, 354 (2012).

Vacated and remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1913-18T2