747 A.2d 311 (2000)
329 N.J. Super. 220
STATE of New Jersey, Plaintiff-Respondent,
v.
Sherron ROLEX, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued by telephone March 3, 2000.
Decided March 20, 2000.
*312 Alison Perrone, Assistant Deputy Public Defender, for defendant-appellant (Ivelisse Torres, Public Defender, attorney; Ms. Perrone, of counsel and on the brief).
Jack L. Weinberg, Assistant Camden County Prosecutor, for plaintiff-respondent (Lee A. Solomon, Prosecutor, attorney; Mr. Weinberg, of counsel and on the brief).
Before Judges SKILLMAN and FALL.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
The issue projected by this appeal is the impact of State v. Brimage, 153 N.J. 1, 706 A.2d 1096 (1998) upon the type of no appearance/no waiver plea agreement approved in State v. Shaw, 131 N.J. 1, 618 A.2d 294 (1993).
Defendant was charged in two separate accusations with possession of cocaine within 1,000 feet of school property with the intent to distribute, in violation of N.J.S.A. 2C:35-7. Defendant pled guilty to these charges pursuant to a plea bargain under which the prosecutor agreed to recommend that defendant be sentenced to a pilot inpatient drug treatment program, and if not accepted into the program, receive concurrent five-year terms of imprisonment, with eighteen months of parole ineligibility. The plea agreement also provided that if defendant failed to appear for sentencing or any other mandated court appearance or was charged with a new offense before sentencing, his guilty plea would stand and the prosecutor would be free to recommend any lawful sentence.
Defendant failed to appear either for a mandated appearance in drug court on October 6, 1997, or for sentencing on November 18, 1997. When defendant was sentenced on January 13, 1998, the prosecutor took the position that defendant's failure to appear in court on those two occasions without a valid excuse constituted a violation of the plea agreement, which abrogated the prosecutor's agreement to waive the three-year period of parole ineligibility mandated by N.J.S.A. 2C:35-7.[1] The court then sentenced defendant to concurrent four-year terms of imprisonment, with three years of parole ineligibility. *313 The court also imposed the statutorily mandated penalties, fees and suspension of defendant's motor vehicle license.
N.J.S.A. 2C:35-7 mandates the imposition of a three-year period of parole ineligibility for possession of cocaine within 1,000 feet of school property with the intent to distribute. However, N.J.S.A. 2C:35-12 confers authority upon a prosecutor to waive this mandatory period of parole ineligibility pursuant to a negotiated plea agreement.
In State v. Vasquez, 129 N.J. 189, 195-97, 609 A.2d 29 (1992) and State v. Peters, 129 N.J. 210, 218, 609 A.2d 40 (1992), the Court held that to withstand attack under the separation of powers provision of Article III, paragraph 1, of the New Jersey Constitution, N.J.S.A. 2C:35-12 must be interpreted "to require prosecutors to adopt guidelines to channel the exercise of prosecutorial discretion" and "to state on the record the reasons for their decision to waive or not to waive the parole disqualifier, thereby allowing effective judicial review of the reasons." Peters, supra, 129 N.J. at 218, 609 A.2d 40. The Court also held that "[a] defendant who shows clearly and convincingly that the [prosecutor's] exercise of discretion was arbitrary and capricious would be entitled to [judicial] relief." Vasquez, supra, 129 N.J. at 196, 609 A.2d 29; see also State v. Lagares, 127 N.J. 20, 26-33, 601 A.2d 698 (1992).
In Shaw, supra, 131 N.J. 1, 618 A.2d 294, the Court considered the validity of the type of plea agreement involved in this case, under which a prosecutor's waiver of the period of parole ineligibility mandated by N.J.S.A. 2C:35-7 is conditioned upon the defendant voluntarily appearing for sentencing. The Court concluded that such an agreement is valid because it "fosters... several law enforcement purposes set forth in the [Comprehensive Drug Reform] Act, including facilitation, where feasible, of the rehabilitation of drug-dependent persons, minimization of pretrial delay, prompt disposition of drug-related criminal charges, and swift imposition of fair and certain punishment." Id. at 15, 618 A.2d 294. However, the Court also concluded that "[n]ot every violation of the waiver conditions by an accused defendant will result in automatic imposition of a mandatory sentence." Id. at 16, 618 A.2d 294. Instead, the trial court must "consider the explanation for the non-appearance in the context of all the circumstances," and whether in light of those circumstances, "the breach is material to the plea and therefore warrants revocation of the prosecutor's waiver of mandatory sentence." Id. at 17, 618 A.2d 294.
Of particular significance to the argument defendant presents in this appeal, the Court also stated: "We do not expect that a requirement that a defendant show up for sentencing be routinely stated as a basis for granting waiver of the otherwise-mandatory minimum sentences." Id. at 15, 618 A.2d 294. Consequently, the Court concluded that to be valid, guidelines for the prosecutor's inclusion of no appearance/no waiver provisions in plea bargain offers must be "integrated under the [Vasquez] guidelines." Id. at 3, 618 A.2d 294. The Court also noted that "the guidelines do not now incorporate the no-appearance factor in the weighing process," and that "[i]f prosecutors intend to employ [this] factor in the decision-making process, [it] will have to be incorporated in the guidelines." Id. at 18-19, 618 A.2d 294.
To comply with Shaw, the Attorney General issued amended guidelines in 1993 to govern the waiver of mandatory terms in drug cases, which added the following provision regarding no appearance/no waiver plea agreements:
A plea agreement may include conditions that the defendant admitted to bail or R.O.R. following entry of a plea of guilty and pending sentencing is responsible to appear voluntarily for bail unit supervision including drug testing, that the defendant not commit any other offense or criminal acts and be re-arrested before sentencing, and that the defendant appear for sentencing as scheduled *314 as a condition of the prosecutor's consent to bail and agreement to waive a mandatory minimum term of imprisonment.
Such a conditional plea offer should not be routinely granted ..., and the prosecutor must provide reasons for the conditional agreement at the time [of] the initial plea. The prosecutor's decision should reflect consideration of prosecutorial, judicial and correctional resources, including the amount of resources already expended on the particular case, since one objective of such no-appearance agreements is the early disposition of cases. It should consider the feasibility of rehabilitating a drug dependent person. It should also take into consideration the potential that the defendant might become a fugitive or present a threat to himself/ herself or others. In this respect the agreement may contain supervisory restrictions on contact with victims, witnesses or others at risk. It may also contain provision for surrender of passport and waiver of extradition.
In Brimage, supra, the Court held that the Attorney General's prior guidelines regarding the waiver of mandatory periods of parole ineligibility in drug cases, under which individual county prosecutors were allowed to adopt standard plea offers that were more stringent than the Attorney General's statewide minimums, failed to comply with "the requirements of the Vasquez line of cases." 153 N.J. at 23, 706 A.2d 1096. The Court stated that "[t]he [Attorney General's] Guidelines fail to appropriately channel prosecutorial discretion, thus leading to arbitrary and unreviewable differences between different localities." Ibid. The Court concluded that to cure this deficiency, "the plea agreement guidelines for N.J.S.A. 2C:35-12 must be consistent throughout the State." Ibid.
In response to Brimage, the Attorney General adopted new plea agreement guidelines for drug cases, effective May 20, 1998, that establish a unified statewide plea negotiation system. These guidelines do not include any provision dealing with the "no appearance/no waiver" type of plea agreement involved in Shaw and in this case. However, at the same time the Attorney General issued these new guidelines, he also issued Attorney General Directive No.1998-1, entitled "Prosecuting Cases under the Comprehensive Drug Reform Act," which contains a section dealing with "No Appearance Agreements" that states in pertinent part:
A plea agreement may include conditions that a defendant admitted to bail or R.O.R. following entry of a plea of guilty and pending sentencing is responsible to appear voluntarily for bail unit supervision, including drug testing, that the defendant not commit any other offense or criminal acts or be re-arrested before sentencing, and that the defendant appear for sentencing as scheduled as a condition of the prosecutor's consent to bail and agreement to waive a mandatory minimum term of imprisonment.
Notwithstanding the foregoing, any such conditional plea offer should not be routinely given, and the prosecutor must provide reasons for the conditional agreement at the time of the initial plea. See State v. Shaw, 131 N.J. 1, 618 A.2d 294 (1993). The prosecutor's decision should reflect a consideration of prosecutorial, judicial, and correctional resources, including the amount of resources already expended on the particular case, since one objective of a no appearance agreement is to encourage the early disposition of cases. The prosecutor should carefully consider the potential that the defendant might become a fugitive or present a threat to him/herself or others.
This directive does not differ in any significant respect from the previously quoted amendment to the Vasquez-Peters guidelines that the Attorney General issued in 1993 to comply with Shaw.
*315 Defendant argues that the Attorney General's directive violates Brimage, because it allows "similarly situated defendants in different counties [to] receive disparate sentences based on different counties' policies of offering or not offering [no appearance/no waiver] agreements." Defendant contends that in the absence of appropriate guidelines, "each individual assistant county prosecutor throughout the state is permitted to make his or her own unguided decision as to whether failure to appear at sentencing should result in the automatic imposition of the mandatory minimum term." In addition, defendant indicated at oral argument before this court that it would be impossible to formulate guidelines concerning no appearance/no waiver plea offers that would comply with Brimage`s requirement that "the plea agreement guidelines for N.J.S.A. 2C:35-12 ... be consistent throughout the State." 153 N.J. at 23, 706 A.2d 1096. Consequently, defendant contends not only that the part of Directive No.1998-1 dealing with "No Appearance Agreements" is invalid, but also that Brimage implicitly overruled Shaw and that a prosecutor can no longer insist upon a no appearance/no waiver provision in a plea agreement that is subject to the Attorney General's guidelines.
We agree with defendant that the vague guidelines set forth in Directive No. 1 give an individual county prosecutor wide discretion to determine the circumstances under which to include a no appearance/no waiver provision in a plea offer, which appears, at least on an initial review, to be contrary to the holding in Brimage. However, those guidelines essentially mirror the guidelines set forth in Shaw, 131 N.J. at 15-16, 618 A.2d 294, and it is not evident to us that more specific guidelines can be devised to identify those cases in which it is appropriate to include no appearance/no waiver provisions in a plea offer. In fact, it is arguable that the rationale for no appearance/no waiver plea agreement endorsed in Shawfacilitating rehabilitation of drug dependent persons, minimizing pretrial delay, fostering prompt disposition of drug-related criminal charges, and "the swift imposition of fair and certain punishment," id. at 15, 618 A.2d 294,is equally applicable to any case in which a defendant is released from custody after pleading guilty to a drug charge under N.J.S.A. 2C:35-7. Moreover, we are hesitant to conclude that the Court's decision in Brimage implicitly overruled its decision in Shaw, which was rendered only five years earlier.
In any event, because defendant directly challenges the validity of the Attorney General's Directive No. 1, we believe that the Attorney General should be afforded an opportunity to participate in this appeal. In addition, the parties, including the Attorney General, should address the question whether it is feasible to devise more specific guidelines than are set forth in Directive No. 1 to identify those cases in which it is appropriate to include a no appearance/no waiver provision in a plea offer. The parties also should consider whether, assuming no appearance/no waiver plea agreements remain valid after Brimage, there is a need for statewide guidelines concerning the prosecutor's invocation of the no waiver provision following a defendant's failure to appear, and if so, whether those guidelines should provide that, under some circumstances, a defendant's failure to appear may result in a sentence which includes a period of parole ineligibility that is longer than the period provided in the plea agreement, but shorter than the full three years mandated by N.J.S.A. 2C:35-7.
Accordingly, we remand the case to the trial court to afford the Attorney General an opportunity to participate in the appeal and for the parties to address the questions raised in this opinion. If appropriate, the court also may allow supplementation of the record with respect to the actual operation of no appearance/no waiver plea agreements. The proceedings on *316 remand shall be completed by June 30, 2000.
NOTES
[1] Although it was not mentioned at the time of sentencing, defendant was arrested on new drug charges on December 14, 1997 following his failure to appear for sentencing. Defendant subsequently pled guilty to a charge of possession of cocaine within 1,000 feet of school property, in violation of N.J.S.A. 2C:35-7, arising out of these charges, for which he was sentenced to a mandatory extended term of seven years imprisonment, with three years and eight months of parole ineligibility, which is to be served concurrently with the sentence from which this appeal has been taken. Defendant apparently did not appeal from this conviction. Under these circumstances, it appears doubtful that defendant's actual period of incarceration will be affected by the outcome of this appeal.