771 A.2d 1206

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
SHERRON ROLEX, DEFENDANT–RESPONDENT.

Argued May 1, 2001—Decided May 30, 2001.

*Jack L. Weinberg*, Assistant Prosecutor, argued the cause for appellant (*Lee A. Solomon*, Camden County Prosecutor, attorney).

*Alison S. Perrone*, Assistant Deputy Public Defender, argued the cause for respondent (*Peter A. Garcia*, Acting Public Defender, attorney).

*Janet Flanagan*, Deputy Attorney General, argued the cause for amicus curiae, Attorney General of New Jersey (*John J. Farmer, Jr.*, Attorney General, attorney).

PER CURIAM

In this case, the Appellate Division was presented with the issue of the impact of *State v. Brimage*, 153 *N.J.* 1, 706 *A.2d* 1096 (1998), on a no appearance/no waiver plea agreement. That is a

question complicated by the rather broadly-drawn *Brimage* guidelines that "give an individual county prosecutor wide discretion to determine the circumstances under which to include a no appearance/no waiver provision in a plea offer, which appears, at least on an initial review, to be contrary to the holding in *Brimage*." *State v. Rolex*, 329 *N.J.Super.* 220, 226, 747 *A.*2d 311 (App.Div.), *certif. denied*, 165 *N.J.* 486, 758 *A.*2d 646 (2000).

As a result, the Appellate Division remanded the case for supplementation of the record regarding the actual operation of a no appearance/no waiver agreement. *Id.* at 227, 747 *A.*2d 311. More particularly, the court stated:

[T]he parties, including the Attorney General, should address the question whether it is feasible to devise more specific guidelines than are set forth in Directive No. 1 to identify those cases in which it is appropriate to include a no appearance/no waiver provision in a plea offer. The parties also should consider whether, assuming no appearance/no waiver plea agreements remain valid after *Brimage*, there is a need for statewide guidelines concerning the prosecutor's invocation of the no waiver provision following a defendant's failure to appear, and if so, whether those guidelines should provide that, under some circumstances, a defendant's failure to appear may result in a sentence which includes a period of parole ineligibility that is longer than the period provided in the plea agreement, but shorter than the full three years mandated by *N.J.S.A.* 2C:35–7.

[*Ibid.*]

We granted certification, 165 *N.J.* 486, 758 *A.*2d 646 (2000), to review the State's contention that a remand is unnecessary. We now affirm substantially for the reasons stated in the opinion of the Appellate Division. 329 *N.J.Super.* 220, 747 *A.*2d 311 (App. Div.2000).

We share the concerns expressed by the Appellate Division. What we learned from the parties did nothing to assuage those concerns, but only heightened them. On the one hand, the prosecutor argued that a no appearance/no waiver agreement is a benefit to poor defendants who cannot make bail. On the other, the Attorney General represented that only four of the twenty-one counties presently use such an agreement in drug cases. That information raises additional concerns. What is it about the bail situation in those four counties that makes a no appearance/no waiver agreement either necessary or desirable? Is such an

agreement, in fact, a benefit to poor defendants? If so, why is it not in effect in all counties? How is the *Brimage* goal of uniformity affected by a scheme that has so few adherents?

Finally, and perhaps most important, has the Attorney General addressed the concerns raised by the Appellate Division that not every failure to appear by a defendant involved in a no appearance/no waiver agreement justifies a three-year parole ineligibility period? The Court is interested in whether an added punishment that is proportionate to the circumstances surrounding the non-appearance should be regarded as the standard sanction for violation of the agreement. Those questions, in addition to the ones posed by the Appellate Division, require disposition on the remand which should be scheduled forthwith.

*For affirmance*—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, LaVECCHIA and ZAZZALI—6.

*Opposed*—none.