578 A.2d 400

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. LEO CHARLES GINTY, III, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted July 23, 1990—Decided July 30, 1990.

40

Before Judges DREIER and D'ANNUNZIO.

*Samuel H. Bullock*, attorney for appellant (*Thomas A. Holloway*, on the brief).

No opposing brief filed by respondent.

The opinion of the court was delivered by

DREIER, J.A.D.

Defendant has appealed from an order of the assignment judge refusing to hear defendant's application for a waiver of the Graves Act mandatory sentence. *N.J.S.A.* 2C:43–6.2.[1] We note that the prosecutor had concurred in defendant's application that the assignment judge consider this matter for a waiver of the mandatory penalties. In fact, the prosecutor has filed no opposing brief on this appeal, but rather a letter stating "that the State of New Jersey agrees with the defendant's appeal in this matter."

*N.J.S.A.* 2C:43–6.2 provides that the prosecutor may make a motion before the assignment judge for a finding that the imposition of the mandatory minimum term under *N.J.S.A.* 2C:43–6c does not serve the interest of justice, whereupon "the assignment judge shall place the defendant on probation pursuant to" *N.J.S.A.* 2C:43–2b(2), or alternatively reduce mandatory minimum term of parole ineligibility to one year. The statute continues:

> The sentencing court may also refer a case of a defendant who has not previously been convicted of an offense under that subsection to the assignment judge, with the approval of the prosecutor, if the sentencing court believes that the interests of justice would not be served by the imposition of a mandatory minimum term.

In the case before us, the sentencing judge balanced the aggravating and the mitigating factors and found himself required to impose an 18–month term pursuant to the Graves Act for aggravated assault. *N.J.S.A.* 2C:12–1b(4); 2C:43–6. He stated, however:

---

[1] We have not been supplied with any order from the assignment judge refusing to entertain this application. We have, however, accepted the representation of defense counsel, concurred in by the prosecutor, that such is the case.

Having heard your statement, I do feel that this is an appropriate case that the Graves Act should not—should be waived. Therefore, I will recommend that the Assignment Judge consider that the Graves Act not apply—not be applied in this case.

And what I will do because of the imminent birth of another child—* * * I'll grant the stay of starting serving the sentence until after the Assignment Judge has heard your motion.

Unfortunately, we have not been supplied with the transcript of the application to the assignment judge, but the parties have represented that the assignment judge stated that "[a]lthough the Prosecutor has consented to the motion, he has not consented to a sentence reduction." The assignment judge read *N.J. S.A.* 2C:43–6.2 as requiring him to entertain defendant's request for the Graves Act relief only if there is a specific consent by the prosecutor to the reduction of sentence, not merely a consent to the application.

■ We read the quoted portion of the statute as only requiring the consent of the prosecutor to the referral of the matter to the assignment judge. While the statute is somewhat ambiguous, it apparently governs two situations. The first is where there is a direct motion by the prosecutor made to the assignment judge stating that the mandatory minimum provisions of the Graves Act "does not serve the interests of justice." In that situation the assignment judge *"shall* place the defendant on probation ... or reduce to one year the mandatory minimum term of imprisonment." (Emphasis supplied)

The second situation covered by the statute is where a sentencing court determines that the mandatory minimum term should not be imposed. In such a case, and only with the concurrence of the prosecutor, the matter may be referred for sentencing to the assignment judge for the imposition of either a probationary term or a one-year mandatory minimum term.[2]

---

[2]The statute does not fully repeat the penalty options open to the assignment judge in this second situation. It states that the "sentencing court may also refer a case ... if the sentencing court believes that the interests of justice

It is this second situation that is before us now. The prosecutor having consented to the referral to the assignment judge, and having agreed in the plea bargain to remain silent at sentencing, the assignment judge should hear defendant's argument and determine whether defendant should be sentenced either to a probationary term or to a one-year mandatory minimum term, taking into account that the original sentencing judge has already determined that the usual mandatory minimum term is not required in the case.

The legislative history also supports our reading of this statute. It describes the alternative procedures, depending upon whether the prosecutor or sentencing court has initiated the waiver of the mandatory Graves Act sentence. The Assembly Judiciary Committee Statement accompanying Senate Bill No. 827, enacted as *L.*1989, *c.* 53 which became *N.J.S.A.* 2C:43–6.2 *et seq.,* first describes the procedure by which the prosecutor could formally move before the court for reduction of the mandatory sentence. It then states:

> In the alternative, the sentencing court may, with the approval of the prosecutor, refer the case to the assignment judge for review, if the sentencing court believes the imposition of the mandatory minimum term will not serve the interests of justice.

It is clear from this explanation that the prosecutor need not formally move for the reduction of sentence where the matter has been referred to the assignment judge by the sentencing court. The prosecutor's function is only to approve the referral. Since this was accomplished in the case before us, the assignment judge should have heard the application and determined the appropriate penalty. We therefore remand this matter to the assignment judge for imposition of sentence,

---

would not be served by the imposition of a mandatory minimum term." This language is merely a shorthand incorporation of the sentencing options already stated (and repeated in the transition provision of *N.J.S.A.* 2C:43–6.3). The same sentencing procedure must apply. It would be anomalous to have two sets of standards in these situations.

after he considers the appropriate penalty pursuant to *N.J.S.A.* 2C:43–6.2.

Remanded for resentencing; we do not retain jurisdiction.