729 A.2d 524

STATE OF NEW JERSEY v. ISRAEL MILLER, DEFENDANT.

Superior Court of New Jersey
Law Division
Camden County

Decided January 22, 1999.

*Robert N. Agre,* for defendant (*Rubin & Agre,* attorneys).

*A. Victoria Pinette*, Assistant Camden County Prosecutor, for the State (*Lee A. Solomon*, Camden County Prosecutor, attorney).

ORLANDO, A.J.S.C.

A jury convicted defendant of Graves Act offenses. Defendant asked the prosecutor to make an application to the assignment judge pursuant to *N.J.S.A.* 2C:43–6.2 for a reduction of the mandatory term of imprisonment required by the Graves Act. The prosecutor declined to do so. Defendant now challenges the decision of the prosecutor as being arbitrary and unconstitutional. The prosecutor's decision not to seek a reduction of the mandatory minimum term of imprisonment required for firearms offenses is not arbitrary, in light of the purpose of the Graves Act, which is to deter crimes committed while using a gun. Nor is the decision unconstitutional, where there is no showing that this defendant is being treated differently than any other person or class of persons in a similar circumstance.

This case arises from an event that occurred on October 2, 1995. Witnesses presented by the state testified that defendant, Israel Miller, believed two joggers had damaged his car. He exited the car with a handgun, loaded the handgun and pointed it at the joggers threatening them. He then told the joggers to run. They ran. Miller got back into his vehicle and while attempting to unload the gun, he mishandled it, shooting himself in the foot. Miller's recitation of what happened was quite different. Miller testified that he was assaulted by the joggers and that during the scuffle he was shot when a gun one of them was carrying discharged.

The jury did not believe Miller. He was convicted of possession of a weapon for an unlawful purpose, a second degree crime in violation of *N.J.S.A.* 2C:39–4a, aggravated assault, a fourth degree crime in violation of *N.J.S.A.* 2C:12–1b(4) and unlawful possession of a weapon, a third degree crime in violation of *N.J.S.A.* 2C:39–5b.

Before the sentencing hearing, counsel for defendant requested the prosecutor to make an application to the assignment judge pursuant to *N.J.S.A.* 2C:43–6.2 for a reduction of the mandatory minimum penalties required by the Graves Act. The prosecutor refused to do so.

During the sentencing hearing, the trial judge, Judge Norman Telsey, found one aggravating factor: the need for deterring defendant and others from violating the law. He found four mitigating factors: defendant had no history of prior delinquency, defendant's conduct was a result of circumstances unlikely to recur, the character and attitude of defendant indicate that he is unlikely to commit another offense and defendant is likely to respond affirmatively to probationary treatment. Judge Telsey merged the convictions for aggravated assault and possession of a weapon for unlawful purpose and imposed a five year term of imprisonment with a three year period of parole in eligibility. He also imposed a concurrent three year term of imprisonment for the unlawful possession of a weapon. The sentence imposed is mandated by the Graves Act, which requires a prison term with at least three years of parole in eligibility. *N.J.S.A.* 2C:43–6c.

Miller filed the instant application contesting the prosecutor's decision not to seek a reduction of the mandatory penalties imposed by the Graves Act. He contends that the prosecutor's decision was arbitrary and an unconstitutional denial of equal protection.

"The Graves Act provides, generally, that one who uses or possesses a firearm while attempting to commit, or fleeing after commission of, certain serious offenses specified in that Act shall be mandatorily sentenced to prison for a term that includes at least three years of parole ineligibility." *State v. Des Marets,* 92 *N.J.* 62, 64, 455 *A.*2d 1074 (1983). The purpose of the Graves Act is to deter the use of firearms. In *Des Marets,* Chief Justice Wilentz examined the legislative intent underlying the Graves Act. He stated:

> The intent of the Act is manifest: at the very least, to ensure incarceration for those who arm themselves before going forth to commit crimes. The Act is a direct response to a substantial increase in violent crime in New Jersey. The history of the legislation makes it clear that its focus is deterrence and only deterrence; rehabilitation plays no part in this legislation. The intended deterrence can be served only by giving effect to the obviously broad coverage of this law.
>
> [*Id.* at 68, 455 *A.2d* 1074.]

Consequently, the New Jersey Supreme Court in *State v. Towey*, 114 *N.J.* 69, 552 *A.*2d 994 (1989), stated that the weighing of the aggravating and mitigating factors does not play a role in the decision to impose the minimum term of incarceration required by the Graves Act. *Id.* at 82, 552 *A.*2d 994. The minimum term is mandated even if the mitigating factors outweigh the aggravating factors. *Ibid.*

*N.J.S.A.* 2C:43–6.2 establishes a statutory escape valve from the mandatory terms of imprisonment required by *N.J.S.A.* 2C:43–6c. *N.J.S.A.* 2C:43–6.2 provides:

> On a motion by the prosecutor made to the assignment judge that the imposition of a mandatory minimum term of imprisonment under (a) subsection c. of N.J.S. 2C:43–6 for a defendant who has not previously been convicted of an offense under that subsection, or (b) subsection e. of N.J.S. 2C:39–10 for a defendant who has not previously been convicted of an offense under chapter 39 of Title 2C of the New Jersey Statutes, does not serve the interests of justice, the assignment judge shall place the defendant on probation pursuant to paragraph (2) of subsection b. of N.J.S. 2C:43–2 or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole. The sentencing court may also refer a case of a defendant who has not previously been convicted of an offense under that subsection to the assignment judge, with the approval of the prosecutor, if the sentencing court believes that the interests of justice would not be served by the imposition of a mandatory minimum term.

The Appellate Division in *State v. Ginty*, 243 *N.J.Super.* 39, 42, 578 *A.*2d 400 (App.Div.1990), determined that the relief afforded by *N.J.S.A.* 2C:43–6.2 arises in two circumstances. In one instance, relief may be granted when the prosecutor makes a motion to the assignment judge stating that the mandatory minimum period of incarceration required by the Graves Act does not serve the interests of justice. *Ibid.* The second circumstance arises when the sentencing judge concludes that the minimum term of imprisonment required by the Graves Act should not be imposed.

*Ibid.* In the latter case the sentencing judge may, with the approval of the prosecutor, refer the case to the assignment judge for sentencing. The assignment judge may then impose either a probationary term or a one year mandatory minimum term of incarceration. The prosecutor must approve the application to the assignment judge for relief from the mandatory period of incarceration in both circumstances.

In *State v. Alvarez*, 246 *N.J.Super.* 137, 147–48, 586 *A.*2d 1332 (App.Div.1991), the Appellate Division upheld the constitutionality of *N.J.S.A.* 2C:43–6.2, and ruled that a prosecutor's decision not to initiate an application under *N.J.S.A.* 2C:43–6.2 or to approve an application by the sentencing judge may not be arbitrary or unconstitutionally discriminatory. Furthermore, the court outlined a procedure by which a defendant may challenge a prosecutor's decision. In order to be granted a hearing before the assignment judge, defendant's moving papers must establish a *prima facie* case either showing arbitrariness constituting an unconstitutional discrimination or an unconstitutional denial of equal protection constituting a manifest injustice. Only then would the assignment judge conduct a hearing to determine if there was an absence of discretion by the prosecutor. *Id.* at 148–49, 586 *A.*2d 1332.

This court's task is to determine whether defendant Miller has made a *prima facie* case of arbitrariness or unconstitutional discrimination by the prosecutor so as to require a hearing on the issue. Defendant has failed to meet his burden.

Defendant contends that his youth at the time of the offense (age 19), his history of no prior delinquency, the fact that the victims suffered no bodily injury and the finding that he is likely to respond affirmatively to probationary treatment mandate that the prosecutor move for a reduction of the mandatory penalties in the interest of justice. Defendant further argues that the failure of the prosecutor to make the requested application is arbitrary, because the result is unduly punitive. The penalties

imposed by the Graves Act are intentionally harsh. The New Jersey Supreme Court in *State v. Des Marets* noted:

> Enforcing the certainty of imposition of this punishment upon conviction of a Graves Act offense was central to the intent of the drafters. Thus, the Senate Report on the Graves Act explicitly stated that those convicted would be ineligible for parole, and that suspensions and non-custodial dispositions would not be permitted. The efficacy and perhaps even the wisdom of this approach may not be clear to some, but the message intended by the legislature could hardly be clearer; if you are convicted of a crime against a person while using or possessing a firearm, you will go to prison for at least three years. Period. The Graves Act aims at deterrence through the eventually wide spread knowledge that one who is convicted of using or possessing a firearm while committing any one of a number of crimes cannot, and will not, escape a mandatory minimum imprisonment of at least three years.
>
> [92 *N.J.* at 73, 455 *A.2d* 1074.]

The Legislature intended, through the mandatory minimum penalties of the Graves Act, to deter persons from using firearms in the commission of crimes. In so doing, the Legislature hoped to reduce the instances in which persons would be injured or killed by firearms. Defendant's challenge to the prosecutor's decision is, in reality, an attack on the wisdom of the statute. Defendant is in essence saying that the imposition of a three year term of imprisonment on a young man with an otherwise unblemished record in which the victims were not injured and who is likely to respond positively to probation is not wise or prudent. The Legislature has made a different decision. It has determined that the need to deter persons from committing crimes with firearms is of paramount importance. Thus, the Graves Act imposes harsh penalties on a wide range of offenses involving the use of firearms. The prosecutor's decision not to apply for reduction in the mandatory minimum penalty in this case where defendant pointed a loaded handgun at the victims, threatened them and then accidently shot himself is not arbitrary. Rather, it is consistent with the legislative goal of deterrence.

 ■ Defendant's contention that the prosecutor's decision constitutes an unconstitutional denial of equal protection also fails. To establish a *prima facie* case that would require a hearing, defendant must, at a minimum, marshal evidence that the prosecu-

tor is treating this defendant differently than it treats other persons or classes of persons similarly situated. Defendant has produced no evidence whatsoever. He merely makes the assertion, which unsupported, cannot stand.

Accordingly, defendant's application for a hearing on whether the prosecutor's decision not to apply for a reduction of the mandatory minimum term of imprisonment required by the Graves Act is denied.