NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5715-12T3
            A-0479-13T3
            A-0715-13T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHAQUILLE A. NANCE a/k/a
NANCE SHAQUILLE A, a/k/a
NANCE SHAQUILLE,

    Defendant-Appellant.

_____

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TAJA L. WILLIS-BOLTON a/k/a
TAJA BOLTON, a/k/a TAJA WILLIS,
a/k/a TAJ BOLTON, a/k/a TAJ
WILLIS, a/k/a TAJ WILLISBOLTON,
a/k/a TAJA WILLISBOLTON,

    Defendant-Appellant.

_____

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALVIN D. WILLIAMS,

    Defendant-Appellant.

_____

**APPROVED FOR PUBLICATION**

**September 8, 2015**

**APPELLATE DIVISION**

Argued February 3, 2015 — Decided September 8, 2015

Before Judges Fisher, Accurso and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 12-11-0195 in A-5715-12; Monmouth County, Indictment No. 12-02-0380 in A-0479-13; and Union County, Indictment No. 11-04-0471 in A-0715-13.

Ruth E. Hunter, Designated Counsel, argued the cause for appellant Shaquille A. Nance (Joseph E. Krakora, Public Defender, attorney; Ms. Hunter, on the brief).

Daniel I. Bornstein, Deputy Attorney General, argued the cause for respondent in A-5715-12 (John J. Hoffman, Acting Attorney General, attorney; Mr. Bornstein, of counsel and on the brief).

Ruth E. Hunter, Designated Counsel, argued the cause for appellant Taja L. Willis-Bolton (Joseph E. Krakora, Public Defender, attorney; Ms. Hunter, on the brief).

Paul H. Heinzel, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent in A-0479-13 (Christopher J. Gramiccioni, Acting Monmouth County Prosecutor, attorney; Mr. Heinzel, of counsel and on the brief).

Brian P. Keenan, Assistant Deputy Public Defender argued the cause for appellant Alvin D. Williams (Joseph E. Krakora, Public Defender, attorney; Mr. Keenan, of counsel and on the brief).

Sara B. Liebman, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent in A-0715-13 (Grace H. Park, Acting Union County Prosecutor, attorney; Ms. Liebman, of counsel and on the brief).

A-5715-12T3

The opinion of the court was delivered by

MANAHAN, J.S.C. (temporarily assigned).

In these consolidated Graves Act cases, we consider whether, after a motion for waiver by the State, the sentencing judge had the discretion to impose a probationary term or was mandated to impose a one-year parole disqualifier pursuant to the plea agreement. As we have determined that N.J.S.A. 2C:43-6.2 (the "escape valve" statute) provides for judicial discretion, we reverse and remand for resentencing.

Defendant Shaquille A. Nance appeals from his sentence to a three-year prison term with a period of parole ineligibility for one year. On March 6, 2012, Nance possessed a sawed-off 12-guage Winchester shotgun inside his Trenton home. A State Grand Jury charged Nance with third-degree conspiracy to possess and dispose of prohibited weapons, N.J.S.A. 2C:5-2 (count one); third-degree unlawful possession of a sawed-off shotgun, N.J.S.A. 2C:39-3b (count two); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5c(1) (count three); and third-degree unlawful disposition of a weapon, N.J.S.A. 2C:39-9b (count four).

Nance pled guilty to third-degree possession of a sawed-off shotgun. The prosecutor recommended five years with one-year mandatory parole ineligibility. At the plea, the court held the

sentence was subject to approval by the Presiding Judge. Thereafter, the Presiding Judge approved the plea and returned the case to the trial judge whose calendar the case was assigned for the sentence. During the sentence, defense counsel asked the sentencing judge to consider sentencing Nance below the State's recommendation. When the sentencing judge inquired whether he could modify the sentence in favor of the defendant, the prosecutor responded that the judge did not have the authority to impose a lesser sentence.[1]

Defendant Taja L. Willis-Bolton appeals from his sentence to a three-year prison term with a period of parole ineligibility for one year. On December 13, 2011 Willis-Bolton possessed a .25 caliber handgun without a license. A Monmouth County Grand Jury charged Willis-Bolton with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b. At the plea, the judge told Willis-Bolton he "would have to serve one year prior to being eligible to be released on parole[.]" Willis-Bolton entered a guilty plea and was sentenced in

---

[1] At the sentence, defense counsel asked the judge "to consider modifying the sentence[.]" The judge asked the prosecutor, "[D]o you believe I have the authority to do that under the Graves Act?" The prosecutor responded "I don't believe you do. It's my understanding that the State modified it from a five with a three to a five with a one, and the [Presiding Judge] signed off on that. I don't believe that your Honor can modify it any further."

accordance with the plea to a three-year prison term with one year of parole ineligibility.

Defendant Alvin D. Williams appeals from his sentence to a three-year prison term with a period of parole ineligibility for one year. On January 9, 2011, Williams possessed a firearm without a permit. A Union County Grand Jury charged Williams with third-degree terroristic threats, N.J.S.A. 2C:12-3b (count one); fourth-degree aggravated assault, N.J.S.A. 2C:12-1b(4) (count two); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a (count three); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b (counts four and five). Pursuant to a plea agreement, Williams pled guilty to count four. The matter was not referred to the assignment judge with the option of imposing either the one-year minimum term of parole ineligibility or probation. Williams was sentenced to a three-year prison term with one year of parole ineligibility.[2]

---

[2] In a Memorandum dated November 21, 2008, the Acting Administrative Director of the Courts, at the direction of the Chief Justice, clarified that while statutory language indicates that motions for waiver of, or reductions to, the otherwise mandatory minimum terms of imprisonment or parole ineligibility required pursuant to the Graves Act are to be made by the Prosecutor to the Assignment Judge, that responsibility is delegable by the Assignment Judge to the criminal presiding judge, pursuant to inherent authority and the Rules of Court.
(continued)

On appeal, each defendant raises the same arguments:

## POINT I

PURSUANT TO THE PLAIN LANGUAGE OF N.J.S.A. 2C:43-6.2, AND THIS COURT'S OPINION IN STATE V. GINTY, 243 N.J. SUPER. 39, 42-43 (APP. DIV. 1990), THE JUDGE HAD DISCRETION TO SENTENCE DEFENDANT TO PROBATION AFTER THE PROSECUTOR CONSENTED TO REFER THE MATTER FOR A REDUCTION OF THE GRAVES ACT MANDATORY MINIMUM TERM.

## POINT II

DEFENDANT IS ENTITLED TO A REMAND UNDER STATE V. KOVACK, 91 N.J. 476 (1982), BECAUSE HE WAS MISINFORMED THAT THERE WAS A MANDATORY MINIMUM PAROLE INELIGIBILITY TERM OF ONE YEAR.

Pursuant to the Graves Act, N.J.S.A. 2C:43-6(c), any person convicted of the unlawful possession of a firearm, N.J.S.A. 2C:39-5(b), "shall be sentenced to a term of imprisonment . . . ." At all times relevant to the facts in this case, the Graves Act further required that "[t]he term of imprisonment shall include the imposition of a minimum term[,] . . . fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater . . . during which the defendant shall be ineligible for parole." N.J.S.A. 2C:43-6(c).

---

(continued)
Although not specifically referenced in the Memorandum, we presume that the responsibility for sentencing may also be delegated to the criminal presiding judge. R. 1:33-6(a). We are uncertain whether the delegation extends to other judges assigned to the Criminal Division.

In 1989, the Legislature enacted N.J.S.A. 2C:43-6.2. The purpose of the amendment was to allow the trial courts to exercise greater discretion sentencing first-time firearms offenders, where the imposition of the mandatory minimum terms required by the Graves Act were deemed to be "unnecessarily and unproductively harsh." Cannel, New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2:43-6.2 (2014).

In State v. Alvarez, 246 N.J. Super. 137, 142 (App. Div. 1991), we held that the assignment judge is to make the sentencing "in-out" decision, i.e., "whether probation or a one-year ineligibility term is to be imposed" under N.J.S.A. 2C:43-6.2. See State v. Mastapeter, 290 N.J. Super. 56, 64 (App. Div.), certif. denied, 146 N.J. 569 (1996). In Alvarez, we concluded the Graves Act escape valve "was constitutional because the assignment judge has the ultimate authority to decide whether the prosecutor arbitrarily or unconstitutionally discriminated against a defendant in determining whether the 'interests of justice' warrant reference to the assignment judge." Alvarez, supra, 246 N.J. Super. at 147 (emphasis added); see State v. Ginty, 243 N.J. Super. 39, 41 (App. Div. 1990); see also Cannel, New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2C:43-6.2 (2014) ("[A] prosecutor's decision not to pursue or endorse an application . . . will not

be disturbed on appeal unless arbitrary, capricious, or unduly discriminatory.").

In <u>State v. Watson</u>, 346 <u>N.J. Super.</u> 521 (App. Div. 2002), a Graves Act case, we referenced the sentence options when a prosecutorial waiver is granted: "a reduced mandatory minimum term of one year, or to place the defendant on probation with the condition of a jail term pursuant to <u>N.J.S.A.</u> 2C:43-2b(2)." <u>Id.</u> at 535.

Predicated upon our review of the record, each judge sentenced the respective defendant as though they had no discretion to sentence other than to that stated in the plea agreement. To the contrary, we conclude, as we did in <u>Alvarez</u> and <u>Watson</u>, the escape valve statute vests discretion with the sentencing judge to impose either a one-year minimum term of parole ineligibility or probation conditioned on a custodial term upon the motion for a waiver or after a prosecutor approved referral. Therefore, to the extent the State argues the sentencing judge was specifically bound by the plea agreement's terms, we disagree.

In <u>State v. Vasquez</u>, 129 <u>N.J.</u> 189 (1992), our Supreme Court addressed the issue of mandatory sentences:

> Mandatory sentences usually allow for no judicial discretion. <u>See, e.g.,</u> <u>State v. Jefimowicz</u>, 119 <u>N.J.</u> 152, 162 (1990) (sentencing standards applicable to

discretionary extended terms do not apply to Graves Act because "[t]here is nothing discretionary about this determination"); <u>State v. Towey</u>, 114 <u>N.J.</u> 69, 80, 82 (1989) (no judicial discretion in mandatory sentencing structure of Graves Act; <u>State v. Des Marets</u>, 92 <u>N.J.</u> 62, 80 (1983) (Legislature can limit the judiciary's discretion to sentence by prescribing mandatory minimum terms for offenses committed with firearms).

[<u>Id.</u> at 199.]

However, as noted, these were not "mandatory sentences" notwithstanding that the bounds of the judge's authority was limited to two sentence options. Further, the plea agreements were not "contract pleas." <u>See</u> <u>State v. Bridges</u>, 131 <u>N.J.</u> 402, 414 (1993); <u>see also</u> <u>State v. Thomas</u>, 392 <u>N.J. Super.</u> 169, 174 (App. Div. 2007) ("[T]he trial court erred by imposing a lower sentence than that negotiated between the State and defendant pursuant to the <u>Brimage</u> Guidelines[3] and <u>N.J.S.A.</u> 2C:35-12[.]"). Unlike <u>N.J.S.A.</u> 2C:35-12, the escape valve statute does not expressly or implicitly limit the sentencing judge's ability to sentence a defendant to a lesser sentence provided for under the plea agreement, nor does it require the judge to reject the bargain should the judge conclude the plea is not in the interest of justice. <u>See</u> <u>State v. Leslie</u>, 269 <u>N.J. Super.</u> 78, 84 (App. Div. 1993), <u>certif. denied</u>, 136 <u>N.J.</u> 29 (1994). In

---

[3] <u>See</u> <u>State v. Brimage</u>, 153 <u>N.J.</u> 1 (1998).

criminal matters not subject to a "contract plea" the "parties can agree only on a sentence that the prosecutor will 'recommend' to the court; they are not empowered to negotiate a sentence that can have any binding effect." State v. Warren, 115 N.J. 433, 442 (1989).

We recognize the role of the prosecutor in making charging decisions and in extending plea offers. We also recognize that the Attorney General may adopt policies relating to those charging decisions. Indeed, in 2008, after the Legislature amended the Graves Act to expand its scope, the Attorney General issued a "Directive to Ensure Uniform Enforcement of the Graves Act," ("Directive") published on October 23, 2008 and corrected on November 25, 2008. Among other things, the Directive addressed the policy of the Attorney General in the prosecutor's waiver determinations. The Directive, though binding on prosecutors' charging decisions, did not bind the court in the exercise of its discretionary sentencing in waiver cases.

Our decision does not alter the prosecutor's role as an advocate for the State at sentence. In that role, the prosecutor is free to argue, after waiver or referral, for the imposition of the mandatory minimum term of one year and the base term of the custodial sentence within the authorized range

for the offense, and defense counsel is free to argue for the imposition of probation.[4]

Nor does our decision alter the judge's role at sentencing. In the determination of which sentence option to impose, the judge is required to state the reasons for the sentence. In doing so, the judge must, among other considerations, reference "the mitigating and aggravating factors . . . to bring rationality to the process and minimize disparate sentencing." State v. Natale, 184 N.J. 458, 488 (2005).

Finally, we are not concerned that our decision today may result in a "revised" plea policy by the State that reduces prosecutorial waiver motions or approvals to a referral. As we have often noted, in different contexts, the prosecutor's role is "to see that justice is done." State v. Frost, 158 N.J. 76, 83 (1999); State v. Spano, 64 N.J. 566, 568 (1974). We remain confident that in carrying out that role, the State would employ a plea policy on Graves Act escape valve cases that reflects both the statute's legislative intent and the public interest of securing a just outcome.

---

[4] We note that if a probationary term is imposed, there must be a custodial aspect to the sentence. See Watson, supra, 346 N.J. Super. at 535.

The judgments under review in these consolidated cases are reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION