NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2190-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SHURQUAN SWEET,

 Defendant-Appellant.

__________________________________________

 Submitted March 16, 2017 – Decided July 27, 2017

 Before Judges Hoffman and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 14-05-0779.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Frank M. Gennaro, Designated
 Counsel, on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Erin M. Campbell,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Shurquan Sweet appeals from a December 21, 2015

order denying his motion for reconsideration of his sentence.
Defendant pled guilty to second-degree unlawful possession of a

weapon (handgun), N.J.S.A. 2C:39-5(b), and was sentenced to a

five-year term of imprisonment, with a one-year period of parole

ineligibility. He contends the court erred because it did not

order a probationary sentence. We affirm.

 I

 Because the offense to which he pled guilty was a Graves

Act offense, ordinarily a State prison sentence with a minimum

parole disqualifier of forty-two months is required. See

N.J.S.A. 2C:43-6(c). However, a provision in the Graves Act,

N.J.S.A. 2C:43-6.2 (waiver provision), authorizes the State to

move before the assignment judge for a waiver of the mandatory

minimum terms of incarceration for certain first-time offenders.

Defendant was a first-time offender.

 Pursuant to a plea agreement, the State agreed to a waiver

of the forty-two-month parole disqualifier and to recommend

reduction, under the waiver provision, to one year of parole

ineligibility. As the assignment judge's designee, the

presiding judge of the Criminal Part authorized imprisonment

with a reduction of the parole ineligibility term to one year.

The matter was then returned to the sentencing court for

disposition. Defendant has not challenged the presiding judge's

decision.
 2
 A-2190-15T4
 At the sentencing hearing, defendant sought a probationary

sentence. The court found applicable aggravating factors three,

N.J.S.A. 2C:44-1(a)(3), risk of reoffending, and nine, N.J.S.A.

2C:44-1(a)(9), the need to deter. The court also found

applicable mitigating factor ten, N.J.S.A. 2C:44-1(b)(10), the

defendant is likely to respond affirmatively to probationary

treatment. The court noted, "I believe . . . Mr. Sweet[] was in

the process of turning his life around and I was willing to try

and to give him that opportunity to do so."

 Despite expressing its inclination to impose a probationary

sentence, the court stated it was without discretion to order

such a sentence because "this is a mandatory sentence by

statute." The court then imposed a five-year term of

imprisonment but, consistent with the plea agreement, reduced

the forty-two-month period of parole ineligibility to one year.

 Approximately three months after he was sentenced, we

issued State v. Nance, 442 N.J. Super. 268 (App. Div. 2015).

Defendant filed a motion for reconsideration of his sentence,

arguing our decision held a sentencing court has the discretion

to order a probationary sentence when a defendant has been

convicted of a Graves Act offense as a first-time offender.

 During argument on the motion, the sentencing court

commented it would have ordered a probationary sentence if it
 3
 A-2190-15T4
had the discretion to do so, but found the presumption of

incarceration in light of defendant's conviction of a second-

degree offense precluded it from doing so, pursuant to N.J.S.A.

2C:44-1(d). Specifically, the court noted it could not find, in

accordance with N.J.S.A. 2C:44-1(d), that imprisonment would be

a serious injustice which overrode the need to deter such

conduct by others. In addition, the court found the mitigating

factor did not substantially outweigh the aggravating ones, and

the circumstances did not permit it to sentence defendant to a

term of imprisonment for a third-degree offense. See N.J.S.A.

2C:44-1(f)(2).

 II

 On appeal, defendant asserts the following for our

consideration:

 POINT I – N.J.S.A. 2C:43-6.2 PERMITS THE
 IMPOSITION OF A PROBATIONARY SENTENCE
 WITHOUT THE NECESSITY OF MEETING THE
 STANDARDS SET FORTH IN N.J.S.A. 2C:44-1(d)
 OR N.J.S.A. 2C:44-1(f)(2).

 The Graves Act waiver provision provides in pertinent part:

 On a motion by the prosecutor made to the
 assignment judge that the imposition of a
 mandatory minimum term of imprisonment under
 (a) subsection c. of [N.J.S.A.] 2C:43-6 for
 a defendant who has not previously been
 convicted of an offense under that
 subsection, or (b) subsection e. of
 [N.J.S.A.] 2C:39-10 for a defendant who has
 not previously been convicted of an offense
 4
 A-2190-15T4
 under chapter 39 of Title 2C of the New
 Jersey Statutes, does not serve the
 interests of justice, the assignment judge
 shall place the defendant on probation
 pursuant to [N.J.S.A. 2C:43-2(b)(2)] or
 reduce to one year the mandatory minimum
 term of imprisonment during which the
 defendant will be ineligible for parole.

 [N.J.S.A. 2C:43-6.2.]

 After filing his appeal, our Supreme Court affirmed in part

and reversed in part our decision in Nance, supra, 442 N.J.

Super. 268. See State v. Nance, 228 N.J. 378, 399 (2017). The

Court made clear only the assignment judge (or the presiding

judge of the Criminal Part acting as the assignment judge's

designee) has the authority under N.J.S.A. 2C:43-6.2 to decide

whether a defendant shall receive a term of imprisonment with a

reduced period of parole ineligibility of one year, or,

alternatively, a probationary sentence. Id. at 393-94. The

sentencing judge has no discretion to elect either one of these

two alternative sentences. Id. at 393. The Court stated:

 We first consider who — the assignment judge
 or the sentencing judge — is authorized by
 section 6.2 to determine whether the
 defendant will be sentenced to a term of
 probation or a term of incarceration with a
 one-year period of parole ineligibility,
 following the grant of a prosecutor's motion
 for a waiver under section 6.2. The plain
 language of section 6.2 reveals a clear
 legislative intent that the assignment
 judge, not the sentencing judge, has the

 5
 A-2190-15T4
 statutory authority to make such a
 determination. N.J.S.A. 2C:43-6.2.

 [Id. at 393-94.]

 The Court also made clear that, if a defendant has been

convicted of a first or second-degree Graves Act offense, the

assignment or presiding judge, not the sentencing judge, bears

the responsibility of applying the standards in N.J.S.A. 2C:44-

1(d) when he or she is choosing between the probationary or one-

year mandatory-minimum sentence provided in N.J.S.A. 2C:43-6.2.

Id. at 386. The sentencing court's task is merely to impose a

sentence that complies with the assignment or presiding judge's

ruling. Id. at 394.

 Here, as the assignment judge's designee, the presiding

judge determined defendant was to receive a five-year term of

imprisonment, with a one-year period of parole ineligibility.

The sentencing judge had no authority to alter that decision,

and thus could not order a probationary sentence for defendant.

 On defendant's reconsideration motion, the sentencing court

did consider the applicability of N.J.S.A. 2C:44-1(d) and

N.J.S.A. 2C:44-1(f)(2), but that exercise turned out to be

superfluous. Once the presiding judge determined defendant was

to be incarcerated with a one-year period of parole

ineligibility, the sentencing court's only obligation was to

 6
 A-2190-15T4
order a sentence that comported with the presiding judge's

determination. Here, ultimately, the sentencing court correctly

carried out that task; it imposed the sentence chosen by the

presiding judge.

 Affirmed.

 7
 A-2190-15T4