NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3718-15T1
 A-4144-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ISAIAH H. CHIA,

 Defendant-Appellant.

________________________________

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DAREN COLEY,

 Defendant-Appellant.

___________________________________

 Submitted May 16, 2017 – Decided August 14, 2017

 Before Judges Espinosa, Suter and Grall.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment Nos.
 15-06-0987 and 15-05-0721.
 Joseph E. Krakora, Public Defender, attorney
 for appellant Isaiah Chia in A-3718-15
 (Rebecca Gindi, Assistant Deputy Public
 Defender, of counsel and on the brief).

 Joseph E. Krakora, Public Defender, attorney
 for appellant Daren Coley in A-4144-15 (John
 Douard, Assistant Deputy Public Defender, of
 counsel and on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent in A-3718-15 (Erin M.
 Campbell, Assistant Prosecutor, on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent in A-4144-15 (Kerry
 J. Salkin, Assistant Prosecutor, on the
 brief).

PER CURIAM

 The defendants in these appeals1 were charged with offenses

that exposed them to the Graves Act requirement that they be

sentenced to a term of imprisonment that includes a minimum term

of incarceration. N.J.S.A. 2C:43-6(c). Each pled guilty to one

count of second-degree possession of a handgun without a permit

required by N.J.S.A. 2C:58-4, contrary to N.J.S.A. 2C:39-5(b)

(count one) pursuant to a plea agreement. In each case, the State

agreed to a Graves Act waiver and to recommend a sentence of five

years with a one-year period of parole ineligibility but did not

consent to the defendants' request that a probationary term be

1
 We calendared the appeals back-to-back and consolidated them
for purposes of writing a single opinion.

 2 A-3718-15T1
imposed pursuant to the Graves Act "safety valve" exception under

N.J.S.A. 2C:43-6.2 (section 6.2). Thereafter, each defendant

filed a motion, asking the assignment judge to determine that a

probationary sentence was appropriate in "the interests of

justice." The motions were denied and defendants were sentenced

to the terms recommended by the State in their plea agreements.

 Defendants appeal from the sentences that were imposed,

arguing, among other things, they were entitled to a hearing on

the motions they filed. We affirm, substantially for the reasons

set forth by Judge Peter J. Bariso in his thoughtful written

opinions denying each defendant's motion.

 Chia presents the following arguments for our consideration

in his appeal:

 POINT I

 A REMAND FOR RESENTENCING IS REQUIRED BECAUSE
 MR. CHIA WAS SENTENCED WITHOUT A HEARING.

 POINT II

 BECAUSE THE PRESIDING JUDGE FOUND MITIGATING
 FACTORS SEVEN, EIGHT, NINE AND TEN, AND ONLY
 AGGRAVATING FACTOR NINE AT A HEARING WHERE MR.
 CHIA WAS PRESENT, THE MATTER SHOULD BE
 REMANDED TO THAT COURT TO IMPOSE A
 PROBATIONARY SENTENCE.

 POINT III

 ALTERNATIVELY, BECAUSE THE ASSIGNMENT JUDGE
 APPLIED INCORRECT LEGAL PRINCIPLES WHEN IT

 3 A-3718-15T1
 "SENTENCED" MR. CHIA, A REMAND FOR
 RESENTENCING IS REQUIRED.

 Coley presents the following arguments for our

consideration in his appeal:

 POINT I

 PURSUANT TO A WAIVER OF THE GRAVES ACT
 MANDATORY MINIMUM SENTENCE, JUDGE BARISO
 FAILED TO HOLD A HEARING AT WHICH MR. COLEY
 HAD AN OPPORTUNITY TO PRESENT AN EFFECTIVE
 CASE FOR PROBATION. MOREOVER, JUDGE BARISO'S
 DENIAL OF PROBATION WAS BASED ON AN INCORRECT
 UNDERSTANDING OF RELEVANT LAW. U.S. CONST.,
 AMENDS. V, VI, XIV; N.J. CONST., ART. I, PARS.
 1, 9, 10.

 A. Judge Bariso Failed To Hold A
 Hearing On The Ground That It Was
 Not Required By The Principle Of
 Fundamental Fairness, Thereby
 Depriving Mr. Coley Of His State And
 Federal Rights To Due Process.

 B. Judge Bariso's Application And
 Weighing Of Aggravating And
 Mitigating Factors, Which Differed
 From Those Applied By Judge Venable,
 Were Not Supported By The Record.

 After appellate briefs were filed in this matter, the Supreme

Court decided State v. Nance, 228 N.J. 378 (2017), which addressed

procedural issues regarding N.J.S.A. 2C:43-6.2. At our

invitation, the parties filed supplemental briefs.

 In his supplemental brief, Chia argued:

 4 A-3718-15T1
 POINT I

 BECAUSE NANCE CLARIFIED THAT SENTENCING UNDER
 N.J.S.A. 2C:43-6.2 IS A TWO-STEP PROCESS AND
 MR. CHIA HAS A CONSTITUTIONAL RIGHT TO BE
 PRESENT AT SENTENCING, THIS MATTER MUST BE
 REMANDED FOR RESENTENCING WITH INSTRUCTIONS
 THAT MR. CHIA BE AFFORDED A FULL HEARING AT
 BOTH STAGES OF SENTENCING.

 POINT II

 A REMAND FOR RESENTENCING IS REQUIRED BECAUSE
 COUNSEL AND THE SENTENCING JUDGE ERRONEOUSLY
 BELIEVED THE SENTENCING JUDGE DID NOT HAVE
 DISCRETION TO SENTENCE MR. CHIA TO A BASE TERM
 BELOW THE FIVE YEARS AGREED TO IN THE PLEA.

 In his supplemental brief, Coley argued:

 BECAUSE THE RIGHT TO ALLOCUTE AND THE RIGHT
 TO COUNSEL AT A SENTENCING HEARING IS SO
 DEEPLY WOVEN INTO OUR RIGHTS TO DUE PROCESS,
 NANCE'S SILENCE ON THE MATTER IMPLIES THAT THE
 RIGHT TO A HEARING RETAINS ITS FULL FORCE IN
 GRAVES ACT WAIVER CASES. BY BEING DEPRIVED
 OF A HEARING, MR. COLEY WAS DENIED ONE OF HIS
 MOST FUNDAMENTAL DUE PROCESS RIGHTS. U.S.
 CONST. AMENDS. VI, XIV; N.J. CONST. ART. I,
 PARS 1 & 10.

 I.

 Section 6.2, the "safety valve" for the mandatory minimum

term of incarceration imposed by N.J.S.A. 2C:43-6(c) of the Graves

Act, "was enacted to authorize 'the reduction of sentence for a

person convicted of a first offense under the Graves Act if the

prosecutor makes a motion before the assignment judge stating that

the interests of justice would not be served by the imposition of

 5 A-3718-15T1
the mandatory minimum term under the Graves Act.'" Nance, supra,

228 N.J. at 391 (emphasis added) (quoting S. Law, Pub. Safety &

Def. Comm., Statement to S. 827 (Sept. 19, 1988) and citing Assemb.

Judiciary Comm., Statement to S. 827 (Nov. 21, 1988)).

 Section 6.2 states:

 On a motion by the prosecutor made to the
 assignment judge that the imposition of a
 mandatory minimum term of imprisonment under
 (a) subsection c. of N.J.S.[A.] 2C:43-6 for a
 defendant who has not previously been
 convicted of an offense under that subsection,
 or (b) subsection e. of N.J.S.[A.] 2C:39-10
 for a defendant who has not previously been
 convicted of an offense under chapter 39 of
 Title 2C of the New Jersey Statutes, does not
 serve the interests of justice, the assignment
 judge shall place the defendant on probation
 pursuant to paragraph (2) of subsection b. of
 N.J.S.[A.] 2C:43-2 or reduce to one year the
 mandatory minimum term of imprisonment during
 which the defendant will be ineligible for
 parole. The sentencing court may also refer
 a case of a defendant who has not previously
 been convicted of an offense under that
 subsection to the assignment judge, with the
 approval of the prosecutor, if the sentencing
 court believes that the interests of justice
 would not be served by the imposition of a
 mandatory minimum term.

 [N.J.S.A. 2C:43-6.2 (emphasis added).]

 Notably, section 6.2 authorizes the court to consider

imposing a probationary term only upon motion of the prosecutor.

Ibid. In State v. Benjamin, 228 N.J. 358 (2017), a case decided

the same day as Nance, the Supreme Court explained:

 6 A-3718-15T1
 The relief that section 6.2 affords can arise
 in two ways: either the prosecutor makes a
 motion to the assignment judge for a waiver
 of the mandatory minimum penalty, or the
 sentencing judge refers the matter to the
 assignment judge if the prosecutor approves
 the referral. In either scenario, the
 prosecutor must approve the waiver before the
 assignment judge or his or her designee
 imposes one of the two reduced penalties.

 [Id. at 368-69 (citations omitted).]

 The option available to a defendant who lacks the prosecutor's

consent to the application of section 6.2 is to file an Alvarez2

motion "to appeal the denial of a waiver to the assignment judge

upon a showing of patent and gross abuse of discretion by the

prosecutor." Id. at 364; see, e.g., State v. Mastapeter, 290 N.J.

Super. 56, 64-65 (App. Div.), certif. denied, 146 N.J. 569 (1996).

 In Benjamin, supra, the Court reaffirmed the standard a

defendant must satisfy to successfully challenge the prosecutor's

decision, stating,

 [S]ince the Appellate Division's 1991 decision
 in Alvarez, . . . defendants have been able
 to seek judicial review of prosecutors' waiver
 decisions. In order to do so, a defendant
 must, by motion to the assignment judge,
 demonstrate "arbitrariness constituting an
 unconstitutional discrimination or denial of
 equal protection" in the prosecutor's
 decision. Alvarez, supra, 246 N.J. Super. at
 148; [State v.] Watson, [346 N.J. Super. 521,
 535 (App. Div. 2002)] (explaining defendant
 must show "prosecutor's refusal [was] a patent

2
 State v. Alvarez, 246 N.J. Super. 137 (App. Div. 1991).

 7 A-3718-15T1
 and gross abuse of discretion") [, certif.
 denied, 176 N.J. 278 (2003)]. Once a
 defendant makes this threshold showing, the
 defendant can obtain a hearing to review the
 prosecutor's decision if the assignment judge
 concludes that the "interests of justice" so
 require. Alvarez, supra, 246 N.J. Super. at
 148-49.

 [228 N.J. at 372-73 (fourth alteration in
 original) (emphasis added).]

 Neither defendant alleged in the trial court that the

prosecutor's refusal to consent to a probationary term was

arbitrary or a patent and gross abuse of discretion and, on appeal,

they have conceded there was no arbitrariness. Nonetheless, in

each case, Judge Bariso weighed the aggravating and mitigating

factors and, in a thoughtful and extensive written statement of

reasons, found no grounds for the relief requested, denied the

motion and held "a hearing [was] not required in the interests of

justice."

 Despite the clear language of section 6.2 and the continued

vitality of Alvarez, defendants contend Judge Bariso's decision

constituted a "sentencing" and all the rights that attach at a

sentencing apply. They assert a right to a hearing exists because

"[c]riminal defendants are constitutionally entitled to a

sentencing hearing before the sentencing court, in accordance with

due process of law." They cite Rule 3:16(b), which provides a

"defendant shall be present at every stage of the trial,

 8 A-3718-15T1
including . . . the imposition of sentence," and Rule 3:21-4(b),

which provides,

 Sentence shall not be imposed unless the
 defendant is present or has filed a written
 waiver of the right to be present. Before
 imposing sentence the court shall address the
 defendant personally and ask the defendant if
 he or she wishes to make a statement in his
 or her own behalf and to present any
 information in mitigation of punishment.

 We are unpersuaded by defendants' arguments. Each was

afforded the full panoply of rights at his sentencing. Although

Judge Bariso's decision that the request for a probationary term

should be denied had an effect on the range of sentence that could

be imposed, it did not constitute a sentencing; it was a decision

on defendants' Alvarez motion. Defendants may not avoid the burden

they shouldered in seeking such relief without the prosecutor's

consent by attempting to cast a decision on an Alvarez motion as

a "sentencing."

 In Benjamin, supra, 228 N.J. at 373, the Court reviewed the

procedural safeguards that apply to a defendant's challenge to the

prosecutor's decision to deny a Graves Act waiver and found they

afforded defendants meaningful judicial review of that decision.

The Court determined defendants are not entitled to discovery of

files that reveal prosecutors' decisions on other Graves Act waiver

requests, ibid., observing it had "never mandated discovery to aid

 9 A-3718-15T1
defendants in demonstrating arbitrary and capricious conduct or

disparate treatment without a preliminary showing," id. at 374.

That the motion decision here concerned that issue, rather than a

"sentencing," as defendants contend, is apparent by the Court's

following sentence: "As stated in Alvarez, a defendant may obtain

a hearing to review the prosecutor's decision only after he or she

has demonstrated in a motion that the prosecutor abused his or her

discretion." Ibid. (emphasis added) (citing Alvarez, supra, 246

N.J. Super. at 148-49).

 Defendants did not demonstrate any abuse of discretion by the

prosecutor and have conceded there was none. Defendants' arguments

that they were entitled to a hearing without meeting that burden

are, therefore, lacking in merit.

 II.

 We next address Chia's arguments that, notwithstanding Judge

Bariso's decision, the sentencing judge had discretion to impose

a probationary term or a sentence less than that recommended in

the plea agreement. As a preliminary matter, we note that because

defendant raises these arguments for the first time on appeal,

they are subject to review for plain error. R. 2:10-2.

 At sentencing, Chia's counsel began her argument by stating,

"Your Honor, at this point, does not have any discretion. There

is only one sentence that the [c]ourt can impose." She closed her

 10 A-3718-15T1
argument by saying, "the defense would ask that the [c]ourt

sentence Mr. Chia to five years New Jersey State Prison with one

year of parole ineligibility."

 A.

 The underlying premise for the argument presented in Point

II of Chia's initial brief was that the sentencing judge had

discretion to impose a probationary sentence despite Judge

Bariso's decision denying the motion for a probationary sentence.

Although this argument had support in our decision in State v.

Nance, 442 N.J. Super. 268 (App. Div. 2015), aff'd in part and

rev'd in part, 228 N.J. 378 (2017), our conclusion to that effect

was expressly reversed by the Supreme Court:

 We reverse the panel's ruling that sentencing
 judges have the discretion to elect one of the
 two alternative sentences set forth in Section
 6.2. In accordance with the plain language
 of section 6.2, the assignment judge, not the
 sentencing judge, has the authority to decide
 whether a defendant will be sentenced to a
 term of probation or a term of incarceration
 with a one-year period of parole
 ineligibility.

 [Nance, supra, 228 N.J. at 385-86.]

 The argument advanced in Chia's initial brief therefore lacks

any merit.

 11 A-3718-15T1
 B.

 In his supplemental brief, Chia argued that a remand is

necessary because both the sentencing judge and the parties

believed the sentencing judge lacked discretion to impose a

sentence below the five-year term recommended by the prosecutor.

In Nance, the Supreme Court clarified the scope of discretion a

sentencing judge has after the assignment judge has denied a motion

for a probationary sentence under section 6.2:

 [S]ection 6.2 [does not] permit the sentencing
 court to choose between the statutory
 alternatives; the authority to elect one of
 the two sentences set forth in section 6.2 is
 clearly vested in the assignment judge. The
 sentencing court's task is to devise a
 sentence that comports with the assignment
 judge's ruling and the sentencing provisions
 of the Code [of Criminal Justice]; although
 the court may impose the sentence recommended
 by the State under the plea agreement, it is
 not required to do so.

 [Id. at 394 (emphasis added) (citation
 omitted).]

 Thus, after Judge Bariso denied defendant's Alvarez motion,

the sentencing judge was required to sentence Chia "to a one-year

custodial term during which he . . . is disqualified from being

paroled," Benjamin, supra, 228 N.J. at 368, but she was not

required to impose the five-year term the State agreed to recommend

in the plea agreement. As Chia has correctly pointed out, the

sentencing judge and both counsel all proceeded on the premise

 12 A-3718-15T1
that the sentencing judge lacked discretion to impose a different

sentence.3 Therefore, we reverse Chia's sentence and remand for

resentencing in accordance with the principles set forth by the

Court in Nance.4

 Any argument raised in defendants' initial and supplemental

briefs not specifically addressed in this opinion lack sufficient

merit. R. 2:11-3(e)(2).

 Accordingly, we affirm Coley's sentence and reverse Chia's

sentence and remand for further proceedings consistent with this

opinion. We do not retain jurisdiction.

3
 Coley's sentencing did not suffer from the same infirmity. His
counsel urged the court to sentence him one degree lower than the
second-degree offense to which he pled guilty. She asked the
court "to sentence Mr. Coley to a three year sentence with 12
months parole ineligibility." The sentencing judge acknowledged
her "hands [were] tied regarding the probationary term," but noted,
"[t]he question is [whether] to sentence as if one degree lower."
Thereafter, she weighed the aggravating and mitigating factors and
concluded Coley's request should be denied.
4
 In light of this disposition, we need not address the argument
presented by Chia in Point III of his initial brief. However, we
note that Chia has argued in this point heading and Coley has
argued in Point I(B), that section 6.2 eliminates the general
presumption of imprisonment for second-degree offenses provided
by N.J.S.A. 2C:44-1(d), and N.J.S.A. 2C:43-6.2 makes imprisonment
and probation "co-equal sentencing options." This argument was
explicitly rejected by the Supreme Court. Nance, supra, 228 N.J.
at 386; Benjamin, supra, 228 N.J. at 368.

 13 A-3718-15T1